# OCTOBER TERM, 1890.*

JAMES V. D. WILLCOX, PROSECUTING ATTORNEY OF
WAYNE COUNTY, v. GEORGE S. HOSMER, CIR-
CUIT JUDGE OF WAYNE COUNTY.

*Divorce—Services of prosecuting attorney.*[1]

1. It is for services in *introducing* evidence, appearing at the hear-
ing, and *opposing* the granting of a decree of divorce that the
statute (Act No. 137, Laws of 1887) allows the prosecuting
attorney five dollars, payable by the county treasurer upon the
certificate of the circuit judge that such services have been
rendered.

So *held*, where a prosecuting attorney entered his appearance
in a divorce suit, and, after receiving a copy of the bill of
complaint, served a notice on the complainant's solicitor that
in his judgment the interest of the child and the public good
required that he be present at the taking of the testimony and
at the hearing of the cause, with a view of contesting the
same. The testimony was taken in open court, and the assist-
ant prosecuting attorney appeared with the consent of the
court, and examined the witnesses, and at the conclusion of
the hearing notified the court that he was satisfied from *such*
testimony that the statutory reasons did not exist for opposing
the granting of a decree. The judge refused to give the
statutory certificate, on the ground that the services rendered
were not such as the statute contemplated, which decision is
sustained by the Supreme Court.

2. Act No. 137, Laws of 1887, imposing certain duties upon prose-
cuting attorneys in divorce cases where there are children
under fourteen years of age, is construed as follows:

* Continued from Vol. 82.
[1] For full digest of points decided, see *Table of Cases Reported.*

*a*—The statute is *mandatory* that the prosecuting attorney enter his appearance, and thus secure a copy of the bill and notice of all further proceedings in the case.

*b*—After receiving such copy, he is to exercise his judgment whether the interest of such child or children, or the public good, requires further action on his part, and to that end the duty of making a proper investigation to obtain facts upon which his judgment can act is laid upon him as a *salaried* officer.

*c*—The act does not presuppose that he will find it necessary in *all* cases to enter a contest, and oppose the granting of a decree; but this is only required when he is satisfied from *such* investigation that the statutory reasons exist for such action on his part.

*d*—The care and custody of the children, and the allowances to be made in their behalf, in case a divorce is granted, are matters *exclusively* for the court, and do not come within either the letter or spirit of the statute.

*e*—The statute does not contemplate a mere *pro forma* appearance at the taking of testimony *by the parties*, and an examination of *their* witnesses, in order to decide if the prosecuting attorney will oppose a decree, but requires a real and *bona fide* contest upon evidence introduced for the purpose of showing that the interests of the children require that a divorce shall not be granted. He is not precluded from examining the parties' witnesses with a view to establishing *that* fact; and in many cases, and perhaps in nearly all, such examination may be the only means of obtaining the necessary information.

*f*—The statute permits the court to order an examination of the parties, and the prosecuting attorney may find it necessary to apply to the court for such order.

*g*—While the act implies a previous investigation to enable the prosecuting attorney to form his judgment, it fails to provide him with any compulsory means of obtaining information. He cannot send for persons or papers, nor compel the attendance of witnesses before himself, but is left to such means as a private person has of obtaining information respecting the affairs of others; and hence it may be that the only reliable information he can obtain is to be secured when witnesses are examined in the cause, and he must *then* determine whether the interests of the children or the public good requires him to oppose the granting of a decree.

*h*—It is for services in introducing evidence, appearing at the hearing, and opposing the granting of a decree of divorce that the statute allows the pittance of 'five dollars, to be paid from the county treasury,—a sum so greatly inadequate to

compensate the officer for the honest discharge of his duty as to lead to the inference that the Legislature intended that the larger part of the duty should be performed under his *salary* as prosecuting attorney.

*i*—The public good requires that there shall be no collusive divorces where bills are filed or not defended by some understanding or agreement between the parties. *Here* the statute also requires the prosecuting attorney to investigate, and, if he is satisfied that the proceedings are collusive, he should contest the granting of a divorce.

*j*—The statute seems to require, by implication, that the prosecuting attorney should acquaint the court of his determination to contest the granting of a divorce, and obtain its consent, by an order duly entered, to such contest; and in such a case, when he has introduced evidence, appeared at the hearing, and opposed the granting of a decree, he is entitled to have his services certified by the circuit judge, whether successful in his opposition or not.

*Mandamus.* Submitted October 14, 1890. Denied October 31, 1890.

Relator applied for *mandamus* to compel respondent to certify to the statutory fee allowed by Act No. 137, Laws of 1887, for services in a divorce case. The facts are stated in the opinion.

*Henry M. Duffield,* for relator.

*B. W. Huston,* Attorney General, for respondent.

CHAMPLIN, C. J.    Relator is the prosecuting attorney of Wayne county. On February 10, 1890, Annie Decarski filed her bill of complaint in the circuit court for the county of Wayne in chancery against Frederick Decarski, praying for a divorce from the bonds of matrimony. The bill states that there was one child living, the issue of such marriage, between two and three years of age. Relator entered his appearance in said cause, and an order for a copy of the bill of complaint. He was served with a copy of the bill on March 15, 1890, and on May 16 he

served a notice upon the complainant's solicitor that in his judgment the interest of the child and the public good required that he be present at the taking of testimony and at the hearing of the cause, with a view of contesting the same. On July 21, witnesses were produced, and the testimony taken in open court before Hon. George S. Hosmer, circuit judge. The assistant prosecuting attorney, by and with the consent of the court, appeared at said time, and examined witnesses in the cause; and at the conclusion of the testimony said assistant, being satisfied from such testimony that the interest of said child and the public good did not require that he should further contest the granting of a decree in said cause, so stated to the court. Afterwards, and on October 3, relator presented to said judge a bill against the county of Wayne for five dollars, and asked the circuit judge for his certificate that such services had been performed, and he refused so to certify on the ground that the statute did not authorize such bills for such services as those above described.

The statute (Act No. 137, Laws of 1887) reads as follows:

"Every bill of complaint filed shall set forth the names and ages of all children of the marriage, and when there are children under fourteen years of age a copy of subpœna issued in the cause shall be served upon the prosecuting attorney of the county where suit is commenced, and it shall be the duty of said prosecuting attorney to enter his appearance in said cause, and, when in his judgment the interest of said children or the public good so require, he shall introduce evidence, and appear at the hearing, and oppose the granting of a decree of divorce. For every case which the prosecuting attorney contests by and with the consent of the court he shall receive the sum of five dollars, to be paid by the county treasurer upon the certificate of the circuit judge that such services have been performed."

The statute is mandatory upon the prosecuting attorney

to enter his appearance in the cause. This secures to him a copy of the bill, and notice of all further proceedings. After receiving a copy of the bill, he is next to exercise his judgment as to whether the interest of the children, if any there be under fourteen years of age, or the public good, requires him to do anything further. To enable him to exercise his judgment, it is necessary that he should make a proper investigation to obtain facts upon which his judgment can act. This duty is laid upon him as a public salaried officer. The act does not presuppose that he will find it necessary in all cases to enter a contest, and oppose the granting of a decree. This is only required when he is satisfied from his investigation of the facts either that the interest of the children requires that he shall oppose the granting of a divorce or that the public interest so requires. The care and custody of the children, the allowances to be made in their behalf, in case a divorce is granted, are matters exclusively for the court, and do not come within either the letter or spirit of the statute. The marriage relation is of so intimate and delicate a nature, and the welfare of the children of the marriage is so closely connected and involved in the preservation or dissolution of the marriage, that the Legislature has seen fit to make it the duty of the prosecuting attorney to investigate, and, if in his judgment their interest requires that there should be no divorce, he shall introduce evidence, appear at the hearing, and oppose the granting of a decree.

The statute does not contemplate a mere *pro forma* appearance at the taking of testimony by the parties, and an examination of their witnesses, in order to see if he will oppose a decree, but a real and *bona fide* contest upon evidence introduced for the purpose of showing that the interests of the children require that a divorce shall not be granted. He is not precluded from examining the

parties' witnesses with a view to establish the fact. In many cases, perhaps in nearly all, such examination may be the only means of his obtaining information. The statute permits the court to order an examination of the parties, and the prosecuting attorney may find it necessary to apply to the court for such order. While the law implies a previous investigation to enable the prosecuting attorney to form his judgment, it fails to provide him with any compulsory means of obtaining information. He cannot send for persons and papers. He cannot compel the attendance of witnesses before himself, but is left to such means as one private person has of obtaining information respecting the affairs of others; and hence it may be that the only reliable information he can obtain is when witnesses are examined in the cause, and he must then determine whether the interest of the children or the public good requires him to oppose the granting of a decree.

In the case before us, the prosecuting attorney, after receiving a copy of the bill, determined that, in his judgment, the interest of the children and the public good required that he be present at the taking of the testimony and at the hearing of the cause, with a view of contesting the same. Such is not the requirement of the statute. The judgment which the statute requires him to form and act upon is that the interest of the children or the public good requires him to appear and oppose the granting of a decree of divorce; and it is for services in introducing evidence, appearing at the hearing, and opposing the granting of a decree of divorce that the statute allows the pittance of five dollars, to be paid from the public treasury of the county,—a sum so greatly inadequate to compensate the officer for the honest discharge of his duty as to lead to the inference that the Legislature intended that the larger part of the duty should be per-

formed under the salary paid him as prosecuting attorney.

The public good requires that there shall be no collusive divorces where bills are filed or not defended by some understanding or agreement between the parties. Here the statute also requires him to investigate, and, if he is satisfied that the proceedings are collusive, he should contest the granting of a divorce. The statute also seems to require, by implication, that he should acquaint the court of his determination to contest the granting of a divorce, and obtain the consent of the court by an order duly entered thereto. And in such case, when he has introduced evidence, appeared at the hearing, and opposed the granting of a decree of divorce, he is entitled to have his services certified by the circuit judge, whether he has been successful in his opposition or not. Such is the construction which we place upon the statute.

The services of relator not having been such as the statute required, the *mandamus* must be denied.

The other Justices concurred. .