VISSCHER v. OTTAWA CIRCUIT JUDGE.

TAXES — SALE OF DELINQUENT LANDS — NOTICE — PUBLICATION IN
FOREIGN LANGUAGE.

> Act No. 162, Pub. Acts 1895, providing for the publication
> of the petition and order of hearing in proceedings for the
> sale of lands delinquent for taxes, contemplates a publica-
> tion in English, in a newspaper printed in the English lan-
> guage; and anything less than that is insufficient to confer
> jurisdiction upon the court.

*Mandamus* by Arend Visscher, prosecuting attorney of
Ottawa county, to compel Philip Padgham, circuit judge
of said county, to vacate an order dismissing the peti-
tion of the auditor general for the sale of lands delinquent
for the taxes of 1895.    Submitted April 19, 1898.    Writ
denied April 20, 1898.

*Arend Visscher, in pro. per.*

*Charles E. Soule,* for respondent.

PER CURIAM.    The auditor general filed his petition in
the circuit court for the county of Ottawa, in chancery,
for the sale of lands delinquent for taxes for the year 1895.
The same came on to be heard upon objections filed by
certain landowners, and the court entered an order dis-
missing the petition, and denying the decree prayed for.
The prosecuting attorney for the county applies for the
writ of *mandamus* to compel the circuit judge to vacate
this order, and grant the decree.    Upon denying the peti-
tion, the learned circuit judge filed a written opinion, of
which the following are the material portions:

"The respondents further objected to any decree or sale
of any lands for taxes in the tax record before the court,
for the reason that the court has no jurisdiction to render
any decree for the sale of lands for taxes as contained in
the said tax record.    The main reason relied upon to show

that this court obtained no jurisdiction to decree sale of any of these lands in said tax record is that the auditor general's petition, and the order of the court thereon made, were not published as required by law, the same having been in De Grondwet, a newspaper published in the Holland language, and not in the English language. It is contended that the law contemplates publications of this nature in the English language only.

"The requirement of the tax law, being section 66, Act No. 206, Pub. Acts 1893, as amended, is as follows: 'The auditor general shall cause a copy of said order and a copy of said petition to be published at least once in each week for four successive weeks next prior to the time fixed for the hearing thereof, in some newspaper published and circulating in the county where such petition is filed, to be selected by the auditor general. Said order and petition shall both be published in the same newspaper, the order immediately preceding the petition.   *   *   *   The cost of such publication shall be paid by the State on the warrant of the auditor general, not exceeding forty cents for each parcel of land advertised.   *   *   *   The auditor general shall not pay for any such publication until satisfied that it has been made according to law. The publication of the order and petition aforesaid shall be equivalent to a personal service of notice on all persons who are interested in the lands specified in such petition, of the filing thereof, of all proceedings thereon, and of the sale of the lands under the decree, and shall give the court jurisdiction to hear such petition, determine all questions arising thereon, and to decree a sale of such lands for the payment of all taxes, interest, and charges thereon.'

"By the law of this State, all legal proceedings must be in the English language.  2 How. Stat. § 7251.

"It will be noticed that the tax law (section 66, above quoted from) requires the auditor general to select the newspaper in which such publication is had. By referring to the files in the case, I find the following certificate: 'I hereby certify that on the 1st day of September, 1897, I designated De Grondwet, published at Holland, Michigan, in the county of Ottawa, a newspaper published and circulating in said county of Ottawa, as the newspaper in which the "order and petition" in the above-entitled cause are to be published, together with the descriptions of the lands assessed in said year or years (which said lands are delinquent for the taxes of said year or years), and that

such designation was accepted by the publisher of the said De Grondwet on the 3d day of September, 1897.

"'ROSCOE D. DIX, Auditor General.

"'Dated at Lansing, this 15th day of September, 1897.'

"This was the only paper in which this publication was had in Ottawa county. The affidavit of the publisher on file shows this, and it is conceded by the prosecuting attorney, who appears for the State, that De Grondwet is published entirely in the Holland language, except this petition and order, and the lands therein described. It is urged with much force by the objectors to these proceedings that a notice published in this newspaper, circulating as it does among the Holland people, would not be read by the English-speaking people to the extent it would otherwise be if printed in an English newspaper. Many of the Holland people could not read it, and many English-speaking people would not see it, because not in an English paper. The real object of the publication being to acquaint the people of the proceedings about to be taken, and the great mass of our people speaking and reading only the English language, the object of the law is defeated by its publication in a Holland newspaper. If the publication of these tax sales had been printed in the Holland language, then the Holland readers, at least, would have been apprised of the proceedings proposed to be taken; but the publication *in English* in a Holland paper prevented the Hollander from reading it, and, the newspaper itself being in the *Holland tongue*, prevented it being read by the English-speaking people, as they might not take the paper. The question is not new in this State. It has been before our Supreme Court in two cases at least, where the question has been ruled against such a publication, and it was held substantially that such publication was not in conformity to the statutes of the State. *Schaale* v. *Wasey*, 70 Mich. 414; *Auditor General* v. *Hutchinson*, 113 Mich. 245. I think these cases dispose of this case, and that this court gets no jurisdiction to render a decree for the sale of delinquent tax lands for the May sales of 1898.

"This question might be disposed of by simply sustaining the objections made by these two objectors in this matter, and by letting the balance of the descriptions be sold, where no specific objections have been filed; but I think that, in justice to the people of Ottawa county, the whole list should be set aside, for, if the sales should be

made, and purchasers should pay their money for different parcels, such sales would convey no title to the lands, and the result would be that each purchaser would eventually demand his money back from the State, which would be paid to him, with interest at the rate of 8 per cent. per annum from the time of the sale. All this would be charged back to the county by the auditor general, to cover the portion originally assessed for county and township taxes and the interest thereon. The sale would then have to be again gone through with, and this extra and unnecessary expense saddled onto the county. The auditor general can make another petition, and have it properly published, and these taxes collected as the law requires.

"The original petition filed in this case will be dismissed, without prejudice, the order vacated, and a decree will be denied."

We think the decision of the circuit judge upon the facts found by him was correct, and the writ will be denied.