## GURD *v*. AUDITOR GENERAL.

TAX SALES—VOID DEED—REFUNDING PURCHASE MONEY—MANDA-
MUS TO AUDITOR GENERAL.

>    Under section 98, subd. 3, of the tax law of 1893, authorizing the auditor general to refund the purchase price of lands sold for taxes in case the sale was made in contravention of any of the provisions of the act, *mandamus* will lie to compel the auditor to cancel a deed of state tax land, and to refund the amount paid therefor, where the notice of the original sale on which the deed is based was published in a newspaper printed in the Holland language.    Following *Visscher* v. *Ottawa Circuit Judge*, 116 Mich. 666; *Cockburn* v. *Auditor General*, 120 Mich. 643.

*Mandamus* by Alfred T. Gurd to compel Roscoe D. Dix, auditor general, to refund the purchase money on a void tax sale.    Submitted November 14, 1899.    Writ granted December 2, 1899.

*Thomas, Cummins & Nichols*, for relator.

*Horace M. Oren*, Attorney General, for respondent.

MOORE, J. In February, 1897, the relator purchased from the State certain State tax lands, obtaining a tax deed therefor in the following June. He seeks now to have said deed canceled because it is void, and his money refunded. At the annual tax sale in 1894 in Ottawa county, the lands in controversy were bid in by the State for the taxes of 1892. The notice of the sale of these lands was published in a newspaper named De Grondwet, a newspaper published in the Holland, or Dutch, language. It is not claimed by the auditor general that this was a proper publication. He bases his refusal to refund the amount paid for these lands upon the ground that he has no authority to refund except as expressly provided by statute, and that it did not clearly appear to him that the statute in this case authorized him to refund.

Section 98 of the general tax law (subdivision 3) authorizes the auditor general to refund the amount paid by the purchaser "if the sale was in contravention of any of the provisions of the act." I think it can hardly be contended that a sale would not be in contravention of the provisions of the act if no notice had ever been published. If a void notice is published, how is the sale brought within the provisions of the act? In *Visscher* v. *Ottawa Circuit Judge*, 116 Mich. 666, where a notice like this was published in the same newspaper as the one publishing this notice, it was held the notice was void; and we think it follows that this notice, and all subsequent proceedings based upon it, including the deed which was issued to the relator, are void. In *Cockburn* v. *Auditor General*, 120 Mich. 643, it was held that the deed issued to the relator was, by virtue of the decision in *Hughes* v. *Jordan*, 118 Mich. 27, void, and should be so treated in that proceeding. It was also held, in effect, that the money paid to the auditor general by the relator in that case must be treated as the money of the relator, and, when supple-

mented by a further payment, equal to the amount due the State and the taxes which were a lien upon the land, he should be entitled to a deed of the land for which he had applied.  This case comes within the principle of that case.  It would not be contended that, if relator's deed was held void by some court, he would not be entitled to have his money refunded.  Neither will it be contended but that it would be the duty of a court to hold it void in a proper proceeding.  We do not see how any good purpose can be served in requiring such a proceeding to be brought before the relator could obtain his money.  The sale made by the auditor general of these lands was in contravention of the statute.  The case comes within the provisions of the statute, and the writ of *mandamus* should issue.  It is so ordered.

The other Justices concurred.