AUDITOR GENERAL v. NEWMAN.

1. TAXATION—VOID SALE—DISCHARGE OF LIEN.

Under the law providing that the lien of the State for taxes shall continue until payment thereof, a void sale does not discharge the lien.

2. SAME—SETTING ASIDE SALE—REFUNDING.

Where a tax sale is set aside, the purchaser is entitled to have refunded, not only the price paid for the land, but the taxes for subsequent years which he was required to pay as a condition of his purchase.

3. SAME—UNAUTHORIZED ACTION OF AUDITOR GENERAL.

The unauthorized action of the auditor general in setting aside a tax sale, and refunding the amount paid by the purchaser, does not destroy the tax lien, or operate as a payment of the tax.

4. SAME—ESTOPPEL.

A sale of land for taxes does not discharge the lien of the State for the taxes of prior years, sales for which had been set aside and the purchase money refunded, nor does it estop the State to assert such lien.

Appeal from Oceana; Russell, J. Submitted November 19, 1903. (Docket No. 229.) Decided December 22, 1903.

Petition by Perry F. Powers, auditor general, for the sale of lands delinquent for taxes: On objections filed by John Newman. From a decree for contestant, petitioner appeals. Reversed.

This is a petition in chancery filed in 1902 by the auditor general, under the law, to foreclose tax liens upon delinquent lands. The land in question was purchased by contestant, Newman, at the annual tax sale in 1900, for the delinquent taxes of the year 1897. At the tax sale in 1897 the land was sold by the State to Minnie B. Eldridge for the delinquent taxes of 1891 to 1894, inclusive. At the time of her purchase, she paid, as the law required, the taxes for the years 1895 and 1896, which were then a lien upon the land. Upon her application, the auditor general, on May 8, 1900, canceled said sale as illegal, and refunded the money to her. Upon the belief that the taxes so refunded were still a lien upon the land, the auditor general included in this petition said lands, praying the foreclosure of the liens. Newman contested, making three objections: (1) That the sale to him for the delinquent tax of 1897 conveyed to him the entire fee of the land, and was all the interest which the State had or claimed therein; (2) that the taxes for 1895 and 1896 were paid, and the lien of the State extinguished thereby; (3) that the proceedings on the part of the auditor general to re-establish the lien for the taxes of 1891 to 1896, inclusive, were unauthorized. The court sustained the claim of the contestant.

*Charles A. Blair*, Attorney General (*Charles W. McGill*, of counsel), for petitioner.

*Hartwick & Skeels*, for contestant.

GRANT, J. (*after stating the facts*). The auditor general, in canceling these sales and refunding the money, acted under the authority of *Gurd* v. *Auditor General*, 122 Mich. 151 (80 N. W. 1005). If that decision had correctly stated the law, the action of the auditor general in canceling the sales to Mrs. Eldridge and refunding the money would have been valid. That decision was overruled in *Cole* v. *Auditor General*, 132 Mich. 262 (93 N. W. 890), in so far as the former decision sustained the

power of the auditor general to review and set aside proceedings prior to the decree. The law under which these sales were made to Mrs. Eldridge provided that the lien for the taxes, etc., should continue until payment thereof. A void sale does not discharge the lien. If the sale be void for any reason that does not affect the validity of the taxes, the lien remains, and can be afterwards foreclosed. *Auditor General* v. *Patterson*, 122 Mich. 39 (80 N. W. 884). Mrs. Eldridge was also entitled, under that case, to have the amount paid for the taxes of 1895 and 1896 refunded.

That the auditor general made a mistake, and canceled and refunded when the law did not authorize him to do so, does not destroy the lien, or operate as a payment of the taxes. Either the purchaser of the tax title still retains his title, although his deed and sale have been canceled and the money refunded, or the State still retains its lien for the tax, notwithstanding the action of the auditor general. But the auditor general, acting under the *Gurd Case*, which we held, in *Cole* v. *Auditor General*, justified him in taking such action, set many sales and deeds aside in cases in which the proceedings prior to decree were void, and would have prevented a decree of sale if contested at the proper time. There is no provision of law for restoring the deeds and recovering the money so refunded. Newman's purchase did not operate to discharge the former liens, or to estop the State to assert them. It follows that the lien of the State remains, and that it is the duty of the auditor general, by subsequent petition, to proceed to foreclose.

The decree is reversed, and the case remanded for further proceedings.

MOORE, CARPENTER, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.