ROSENTHAL *v.* ROSENTHAL.

1. VENUE—JOINT DEFENDANTS—PROPRIETY OF JOINDER—BURDEN
    OF PROOF.
    Where an action on the case is brought against joint defend-
        ants, some of whom are nonresidents of the county in which
        the suit is brought, and service is had upon the nonresidents
        under the provisions of Act No. 225, Pub. Acts 1901, and a
        plea in abatement is filed denying that the party served in
        the county is jointly liable, the burden is upon plaintiff to
        show joint liability.

2. CONSPIRACY—EVIDENCE—ADMISSIBILITY—ACTS PRIOR TO SET-
    TLEMENT.
    In an action by a wife against her husband's parents and
        another for conspiring together to prevent her husband from
        living with her until she would redeed to his parents property
        deeded to her in settlement of a previous suit for alienation
        of affections, evidence of the acts and relations of the de-
        fendants previous to the settlement is admissible, not for the
        purpose of enhancing the damages, but for the purpose of
        showing that the defendants were acting jointly in what
        was done subsequent to the settlement.

3. APPEARANCE—GENERAL PLEA—EFFECT AS SUSTAINING JURIS-
    DICTION.
    A defendant by pleading the general issue submits himself to
        the jurisdiction of the court, and even though a plea in abate-
        ment is sustained as to the other defendants it will not affect
        the jurisdiction of the court as to him.

Error to Wayne; Hosmer, J. Submitted November
12, 1907. (Docket No. 163.) Decided March 17, 1908.

Case by Hattie Rosenthal against Gustave Rosenthal,
Fannie Rosenthal, and Moses Jacobs for conspiracy to
prevent plaintiff's husband from living with her. There
was judgment for defendants on a verdict directed by the
court, and plaintiff brings error. Reversed.

*Sloman & Sloman* (*Alex. J. Groesbeck*, of counsel), for appellant.

*H. H. Hatch* and *Graves, Hatch & Wasey*, for appellees Rosenthal.

MOORE, J.   Plaintiff, the daughter-in-law of Gustave and Fannie Rosenthal, sued them and Moses Jacobs jointly in an action of trespass on the case.   The suit was commenced by summons in the circuit court for the county of Wayne, to recover damages for conspiring together to prevent the plaintiff's husband from living with her, until she would redeed to Gustave and Fannie Rosenthal certain real estate they had formerly deeded to her in the settlement of a suit she had brought against them for the alienation of the affections of her husband.

The summons was first served on Moses Jacobs, and proof of service filed by the sheriff of Wayne county who returned that he could not find Gustave Rosenthal and Fannie Rosenthal within his bailiwick, that they resided at Newberry, Michigan.   A summons was then sent to the sheriff of Luce county, who personally served the two Rosenthals in July, 1906, at Newberry.   The defendant Jacobs pleaded the general issue.   The defendants Gustave and Fannie Rosenthal filed a plea in abatement, the substance of which is as follows:

"And the said Gustave Rosenthal and Fannie Rosenthal * * * come and defend the wrong and injury when, etc., and say that the said plaintiff ought not to have or maintain her aforesaid action against them for the following reasons. * * * Because they say that said suit is not upon an action of trespass on the case against these defendants and Moses Jacobs jointly, but the said Moses Jacobs was not guilty of the wrongs and injuries by reason of which the said suit was brought jointly with these defendants.

"That the defendant Moses Jacobs was not made a defendant jointly with the Rosenthals because he was jointly guilty of the wrongs charged against them, but for the sole purpose of enabling plaintiff to acquire jurisdiction of the Rosenthals in Wayne county under the provisions of

Act No. 225 of the Public Acts of 1901, the defendant Jacobs residing and being served at Detroit and the defendants Rosenthal at Newberry, where they resided."

A replication was filed to this plea and an issue was framed and tried before the circuit judge and a jury. The circuit judge at the close of plaintiff's case directed a verdict, not only in favor of defendants Rosenthal, but in favor of all the defendants, with costs to be taxed.

The case is brought here by writ of error. The record discloses that prior to October 11, 1904, Harry Rosenthal lived in Newberry, Michigan. His father and mother, Gustave and Fannie Rosenthal, two of the defendants in this cause, lived in Detroit. The plaintiff and Harry Rosenthal were married October 11, 1904, and went to Newberry to live. It appears from the opening statement of counsel that afterward the plaintiff came to Detroit; that while she was in Detroit Harry Rosenthal commenced a divorce suit against the plaintiff, and soon afterwards the plaintiff brought a suit in the circuit court for the county of Wayne against the defendants Gustave and Fannie Rosenthal to recover damages for the alienation of her husband's affections. This divorce suit and the suit for alienation of affections were settled in December, 1905, and, pursuant to that settlement, Gustave and Fannie Rosenthal conveyed to the plaintiff real estate in Detroit of the value of $7,000. At the time of the settlement all the parties, the plaintiff, Harry, Gustave and Fannie Rosenthal were in Detroit. About a week after the settlement Harry returned to Newberry and about a week after Harry went, Gustave and Fannie also went there.

It is claimed by plaintiff that part of the terms of the settlement with her was that her husband was to go to Newberry and dispose of his interest in the business there, and ship the household goods which belonged to him and the plaintiff to Detroit, and enter into business in the city of Detroit; that for the purpose of compelling plaintiff to reconvey the property made to her, the father and

mother of her husband brought influence to bear upon Harry Rosenthal to refuse to live with plaintiff until she should reconvey to Gustave and Fannie Rosenthal the property they had deeded to her, and they succeeded in so influencing her husband that he declined to live with her further unless she would reconvey her property, and that Moses Jacobs jointly acted with them in alienating her husband from her.

A great many assignments of error are argued by counsel. One of them which meets us at the outstart is that the court erred in holding that the burden was upon the plaintiff to show that defendants were acting jointly in order to give jurisdiction to the circuit court for the county of Wayne over Gustave and Fannie Rosenthal, who did not reside in Wayne county. This calls for a construction of Act No. 225, Pub. Acts 1901, the material parts of which read as follows:

" When an action  *  *  *  of trespass on the case  *  *  * shall be brought in any circuit court of this State against two or more joint defendants, one or more of whom shall not reside or be found in the county where the suit shall be brought, and one or more of the defendants shall be served with process  *  *  *  in the county where suit is commenced,  *  *  *  the plaintiff in such action may sue out one or more writs of summons  *  *  *  directed to the sheriff of the county where such defendants not so served may be found  *  *  *  to be served on the defendants not elsewhere served in any other county in this State; and it shall be the duty of such sheriff to serve such process  *  *  *  and make return thereof to the county clerk of the county where the suit is commenced.'

The records disclose that Moses Jacobs, who was first served with the summons, was a resident of Wayne county; that the other two defendants were not residents of Wayne county. The jurisdiction of the circuit court for the county of Wayne over the defendants who were not residents of the county depended upon whether or not they were joint defendants with the one who was a resident of Wayne county. This fact having been chal-

lenged by the appropriate plea, it became incumbent upon plaintiff to show joint liability in order to give jurisdiction to the court over the nonresident defendants.

The next important assignment of error to be considered is, Did the court err in refusing to permit the plaintiff to give any testimony as to the relationship of the defendants to each other, or of their acts except as to what occurred subsequent to the settlement? This settlement occurred in December, 1905. It is the claim of plaintiff that, instead of carrying out that settlement in good faith, the two Rosenthals, defendants, immediately commenced to influence their son against her, and that during the time of the settlement the other defendant, acting with them, attempted to influence the rabbi, who was instrumental in bringing the settlement about, to have him attempt to bring about a divorce between the plaintiff and her husband, and that they continued to act jointly. It is not claimed by the attorneys for plaintiff that they had any cause of action for what occurred prior to and including the settlement, but that it was proper to show what was said and done between the three defendants at that time, to show their relationship with each other, and that they were acting in concert in what followed the settlement. We think this testimony was proper, not for the purpose of adding to the damages which plaintiff would be entitled to recover, for that was not the question involved in this proceeding, but for the purpose of showing whether in fact the defendants were acting jointly in what was done subsequent to the settlement.

It is assigned as error that the court erred in directing a verdict for defendants the two Rosenthals. We think it not necessary to decide that question because, under the ruling which we have already made, the record will be different from the one now presented to us. For the reasons stated, the case should be reversed as to the defendants Rosenthal, and a new trial ordered.

The defendant Moses Jacobs was sued in the proper

forum. The plaintiff was a resident of Wayne county. Mr. Jacobs was a resident of Wayne county. He pleaded the general issue, thereby submitting himself to the jurisdiction of the court, and even though the plea in abatement should be sustained as to the defendants Rosenthal, it would not affect the jurisdiction of the court as to the defendant Jacobs.

The judgment is reversed as to him.

GRANT, C. J., and BLAIR, CARPENTER, and MCALVAY, JJ., concurred.