WIESER *v.* WAYNE CIRCUIT JUDGE.

1. APPEARANCE—ANSWER CONSTITUTES APPEARANCE.
   An answer constitutes an appearance.

2. DIVORCE—DEFENDANT APPEARING AND ANSWERING ENTITLED TO NOTICE OF SUBSEQUENT PROCEEDINGS.
   Defendant in divorce suit, having appeared and answered, was entitled to notice of all subsequent proceedings in the case.

3. SAME—PARTIES TO DIVORCE SUIT.
   There are three parties to every divorce suit—the husband, the wife, and the State.

4. SAME—COMPLIANCE WITH STATUTE NECESSARY.
   The State being a party to every divorce suit, a decree of divorce may not be had without compliance with all of the formalities prescribed by law.

5. SAME—PARTIES CANNOT WAIVE ESSENTIAL REQUIREMENTS.
   The parties to a divorce suit other than the State can waive nothing essential to the validity of the proceedings.

6. SAME—PROVISION FOR MINOR CHILD NECESSARY TO PROTECT STATE'S RIGHTS.
   Where, in a divorce suit, no provision was made in the decree for the care and support of a minor child, and no reservation made of said question, as recommended by the prosecuting

attorney, no such consideration was given to the rights of the State as contemplated by the statute (3 Comp. Laws 1915, § 11433).

7. PLEADING—DIVORCE—LETTER IN GERMAN NOT TO BE GIVEN EFFECT AS AN ANSWER.

A letter in the German language written to the court by defendant in a divorce suit denying all of the material allegations of the bill may not be given effect as an answer, since pleadings are required by 3 Comp. Laws 1915, § 12260, to be in the English language.

8. DIVORCE—JURISDICTION—SETTING ASIDE DECREE.

A decree in a divorce suit which shows by its own recitals that the court was without jurisdiction to make it should be set aside.

9. SAME—STATUTORY PROCEEDING—GENERAL EQUITIES DO NOT CONFER JURISDICTION.

Divorce being a statutory proceeding, the jurisdiction of the court is not helped by any consideration of general equities.

10. SAME—FAILURE TO PROVIDE FOR MAINTENANCE OF MINOR CHILD.

Failure to provide in a divorce decree for the maintenance of a minor child does not prevent the court from afterwards, on the petition of one of the parents, making the proper provision (3 Comp. Laws 1915, § 11408).

11. SAME—JURISDICTION MAY NOT BE CONFERRED BY CONSENT.

Defendant's consent, by laches or otherwise, cannot confer jurisdiction on the court in divorce proceedings.

WIEST, CLARK, and SHARPE, JJ., dissenting.

Mandamus by Susanna Wieser to compel Theodore E. Richter, Wayne circuit judge, to set aside decree in a divorce case. Submitted January 8, 1929. (Calendar No. 33,469.) Writ granted June 3, 1929.

*William Cohen* and *Isadore Berger* (*Morris Luskin,* of counsel), for plaintiff.

*Colby & Costello,* for defendant.

Potter, J.   Frank G. Wieser filed a bill of complaint in Wayne circuit court in chancery for divorce against his wife, petitioner herein.   An order of publication was made.   No personal service of process was made on petitioner, she being a resident of Heidelberg, Germany.   Evidently she obtained a copy of the order of publication and bill for divorce and employed an agent who wrote a letter to the court January 3, 1920.   The decree of divorce granted was based in part upon a so-called answer of defendant.   It so recites.   The letter above referred to was treated by the trial court as an answer. The decree of divorce recites that defendant has answered.   An answer constitutes an appearance. *Golden Star Lodge No. 1* v. *Watterson,* 158 Mich. 696 (133 Am. St. Rep. 404); *Rosenthal* v. *Rosenthal,* 151 Mich. 493; *Attorney General* v. *Booth & Co.,* 143 Mich. 89; *Hicks* v. *Steel,* 126 Mich. 408; *Improved-Match Co.* v. *Fire Insurance Co.,* 122 Mich. 256; *Crane* v. *Hardy,* 1 Mich. 56; *Falkner* v. *Beers,* 2 Doug. 117; 4 C. J. p. 1335.   Defendant, having appeared and answered, was entitled to notice of all subsequent proceedings in the divorce case. *Herman* v. *Wayne Circuit Judge,* 236 Mich. 604.   She had no such notice.   The decree was granted without further notice to defendant.

There are three parties to every divorce proceeding—the husband, the wife, and the State. *People* v. *Dawell,* 25 Mich. 247 (12 Am. Rep. 260); *Ritzer* v. *Ritzer,* 243 Mich. 406.   The State being a party to every divorce proceeding, a decree of divorce may not be had without compliance with all the formalities prescribed by law. *Ritzer* v. *Ritzer, supra;* 19 C. J. p. 19.   The parties to a divorce case other than the State can waive nothing essential to the validity of the proceedings.   19 C. J. pp. 20, 21.   In this case the prosecuting attorney entered his appear-

ance. In the report filed by him he asked that "if decree is granted, the question of the custody of the minor child and alimony should be reserved until the same can be determined upon proper future application." This was not done. In the decree no mention is made of the minor child. No provision was made for its care and support. No reservation of the question was made in the decree, as recommended by the prosecuting attorney. No such consideration was given to the rights of the State as contemplated by the statute (3 Comp. Laws 1915, § 11433). *Willcox* v. *Wayne Circuit Judge,* 83 Mich. 1.

If there was an appearance by defendant, as seems to have been the view of the trial court, the calendar entries do not show it. They do not indicate defendant entered an appearance. They do not show she filed an answer. They do show a letter was received and filed February 3, 1920. This letter, in the German language, denied all the material allegations of the bill of complaint. It was not in the English language as required by the positive provisions of statute (3 Comp. Laws 1915, § 12260). *Schaale* v. *Wasey,* 70 Mich. 414; *Auditor General* v. *Hutchinson,* 113 Mich. 245; *Visscher* v. *Ottawa Circuit Judge,* 116 Mich. 666; 31 Cyc. 78. This court cannot give effect to pleadings tendered or filed in the German language any more than those in Chinese, Russian, or Hottentot. This letter was not considered by counsel for plaintiff in the divorce case as an answer. He filed an affidavit of nonappearance, an order *pro confesso,* and an affidavit of regularity. In the affidavit of nonappearance, he swears he

—"has not received any notice that an appearance has been entered in this cause by or on behalf of the

said defendant, Susanna Wieser, nor has the appearance of said defendant, Susanna Wieser, been entered therein, as appearing by the records of this court."

The order *pro confesso* recites the filing of the proof of publication of the order of publication and "the time limited in said order for the entering of such appearance, and on filing due proof that said defendant, Susanna Wieser, has not appeared in said cause," the bill is ordered taken as confessed, and an affidavit of regularity filed on the same day recites "that the said bill is taken as confessed by said defendant for want of an appearance."

If the defendant appeared and filed an answer, not only were the affidavits of nonappearance and regularity false, but all proceedings to take the bill as confessed were void. If the letter constituted an appearance and answer, as the court recited in the divorce decree, then all proceedings to enter the default of defendant in the divorce case were void, because, having entered her appearance and filed an answer, she was entitled to notice of all subsequent proceedings.

The calendar entries show that no further proceedings were had or taken to enter defendant's default after the default of the defendant entered as above recited. The decree of divorce, having been based upon the default entered, shows by its own recitals the court was without jurisdiction to make it.

Divorce, being a statutory proceeding, the jurisdiction of the court is not helped by any consideration of general equities. *Haines* v. *Haines*, 35 Mich. 138; *West* v. *West*, 241 Mich. 679; *White* v. *White*, 242 Mich. 555. In any event, "failure to provide in the decree for maintenance of a minor child does

not prevent the court from afterwards, on the petition of one of the parents, making the proper provision. 3 Comp. Laws 1915, § 11408." *West* v. *West, supra.*

The friend of the court recommended, August 20, 1927, the default be set aside and the decree vacated. September 19, 1927, he recommended the "decree be not vacated and that an order be made amending said decree to provide for payment of permanent alimony for the support of the minor child." Both these recommendations were disregarded, and defendant's petition dismissed. Defendant's consent, by laches or otherwise, cannot confer jurisdiction. The writ should issue as prayed.

NORTH, FEAD, FELLOWS, and McDONALD, JJ., concurred with POTTER, J.

SHARPE, J. (*dissenting*). On October 29, 1919, Frank C. Wieser, a resident of the city of Detroit, filed a bill of complaint for divorce from the plaintiff herein. In it he alleged that she was a resident of Heidelberg, Germany. An affidavit of nonresidence was filed on the same day, and an order of publication made. On February 3, 1920, a letter in the nature of an answer to the bill of complaint was filed in said cause. It was prepared by some person at Heidelberg and written in the German language. A translation appears in the record. It contained a specific denial of the charges set forth in the bill, paragraph by paragraph. On May 9, 1921, an affidavit of nonappearance, order *pro confesso,* and affidavit of regularity were filed. On June 30, 1921, a decree of divorce was granted to the husband. It recites, "on reading the bill of complaint and the answer of the defendant herein;" "the proofs having been taken in open court," and it awarded the

defendant one dollar and released the husband from all claims, including dower, which the wife might have against him. It was duly enrolled on July 20th of the same year.

On March 19, 1926, the wife filed a petition setting forth that at the time the decree was granted she was a resident of Germany; that it contained no provision for the support of herself or her minor child, and prayed for its amendment to so provide. This petition was referred to the "friend of the court," who reported on May 11, 1926, that the parties had arrived at a settlement wherein the husband was to pay the wife $1,500, and he recommended that the decree be modified accordingly. No action appears to have been taken thereon.

Several amended petitions were thereafter filed by different attorneys for the wife, in which the court was asked to vacate the decree and permit an answer to be filed by her. These petitions were all brought on for hearing before the defendant on September 23, 1927, and an order entered denying the relief sought. Mandamus is here sought to set it aside.

Counsel for the plaintiff herein, in their supplemental brief, say:

"Therefore, there seems to be only one issue in this case, that is, whether or not there was a default taken, which will depend upon whether the letter on file was or was not an answer to the bill of complaint."

The letter to the court contained all the requirements of an answer. In his return the defendant said that he was "able to read the German language" and found that the letter was an answer to the bill of complaint and so treated it. The recital in the decree also so states. In an affidavit made by

the plaintiff in support of one of her petitions she stated:

"Deponent further says that she made an answer to the plaintiff's bill of complaint which was written in the German language and sworn to by her before a notary public in Heidelberg, Germany; which answer has been transcribed from the German to the English language, copy of which is hereto attached; that the answer made by this deponent was a complete denial of the plaintiff's bill of complaint and denied the jurisdiction of this court and answered the plaintiff's bill of complaint paragraph by paragraph in accordance with the rules of this court."

While the husband might have had it stricken from the files because not written in the English language (3 Comp. Laws 1915, § 12260), we are impressed that the court was not without jurisdiction to treat it as an answer. He did so, and his action in declining to vacate the decree, for the reason that jurisdiction over the person of the wife had not been obtained, was warranted. The court expressed its willingness to consider a petition to amend the decree by providing a suitable financial settlement between the parties, and this may yet be had. The proceedings herein taken will be treated as without prejudice thereto.

The petition for mandamus should be dismissed, but without costs.

CLARK, J., concurred with SHARPE, J.

WIEST, J. (*dissenting*). Technically the letter in German was no answer, constituted no appearance, and, therefore, the order *pro confesso* was proper. The recital in the decree of an answer was an error and may not be employed to overturn the proceeding.

Petition should be dismissed. No costs.