MARY ALICE RAMBO BROWN, Plaintiff, *v.* JULIAN BROWN, ETHEL LISTMAN BROWN and MARGARET HANNA BROWN, Defendants.

Supreme Court, Onondaga County, November 6, 1937.

*Bond, Schoeneck & King* [*Hugh Stratton* of counsel], for the plaintiff..

*Hancock, Dorr, Kingsley & Shove,* for the defendant Julian Brown.

*White & Shinaman,* for the defendant Ethel Listman Brown.

CREGG, J. This is an action brought by Mary Alice Rambo Brown, the third wife of Julian Brown, against Julian Brown and his first and second wives, Ethel Listman Brown and Margaret Hanna Brown, for the annulment of her marriage to him on the grounds that the defendant Julian Brown had a wife or wives living from whom he had not been divorced at the time of his marriage to the plaintiff on the 6th day of May, 1936. The defendant Margaret Hanna Brown has not appeared in this action, and no issue is raised as to her.

The undisputed testimony shows that Ethel Listman Brown was married to the defendant Julian Brown on October 25, 1911, and lived with him on Holland street in the city of Syracuse until October 11, 1914. At that time Julian Brown left without informing her in any way as to his future intentions or whereabouts. She has continued to live in Syracuse ever since. On or about the 27th day of January, 1917, the defendant Julian Brown began an action for divorce in the State of Michigan. Service was made on defendant Ethel Listman Brown by publication, but she did not appear or take any part in the Michigan proceedings. A decree was entered on the 18th day of September, 1917, dissolving his marriage with Ethel Listman Brown.

The Michigan divorce is evidently based on the grounds of cruelty and desertion. It appears on its face to be legal and regular. There is no evidence in the case one way or the other as to whether Julian Brown went to the State of Michigan solely for the purpose of obtaining a divorce or whether he was a *bona fide* resident of the State of Michigan at the time the divorce was granted, or how long he had been residing there. His intentions are unimportant providing he was a *bona fide* resident of the State of Michigan at the time. (*Williamson* v. *Osenton,* 232 U. S. 619.)

Ordinarily this court must take cognizance of the Michigan divorce and assume that it was granted upon legal grounds and in the regular way while Julian Brown was a *bona fide* resident of the State of Michigan. The case of *Wieser* v. *Wayne Circuit Judge* (247 Mich. 52; 225 N. W. 542) holds squarely that no decree of divorce can be granted in the State of Michigan without compliance with all the statutes and legal formalities, because the State itself is a party to a divorce proceeding.

But it is urged by the plaintiff that the Michigan decree is not legal and binding on her because the domicile of his first wife was in New York State and the defendant Julian Brown abandoned her here in New York; that under the circumstances he could not change her domicile to such an extent as to make her amenable to the laws of the State of Michigan. The defendant Ethel Listman Brown, sworn as a witness by the plaintiff on this trial, emphatically denied any cruelty or desertion on her part and testified that the defendant Julian Brown is the one who was guilty of desertion. That testimony has not been controverted or denied.

If we assume that the Michigan divorce was granted strictly in accordance with the laws of the State of Michigan, then the question arises as to whether it can be attacked in this proceeding or whether such attack would be contrary to the full faith and credit clause of the United States Constitution. The marriage with Ethel Listman Brown was celebrated in the State of New York between two residents of this State, and they lived here until Mr. Brown deserted her. Even though he was a *bona fide* resident of the State of Michigan, having abandoned his wife in this State he could not take with him into that State so much of the marital relationship as pertained to the status and domicile of his first wife whom he had abandoned in this State.

In my opinion it is not a violation of the full faith and credit clause to prevent one State from extending its jurisdiction to the extent of affecting the thing in question situated in the other State. (*Haddock* v. *Haddock*, 201 U. S. 562, 577; *Dean* v. *Dean*, 241 N. Y. 240, 243.) If Mr. Brown's first wife had been served personally while she was lawfully within the State of Michigan or if she had appeared personally in that action or if she had abandoned Julian Brown in this State, an entirely different situation might have arisen.

I am of the opinion, therefore, that the Michigan divorce is not binding on the plaintiff in this action and that she is entitled to a decree of annulment on the ground that the defendant Julian Brown had a wife living from whom he had not been divorced at the time of his marriage to the plaintiff.

It has been called to my attention by the attorneys for Julian Brown that the defendant Ethel Listman Brown did not file a cross-answer in this action so as to enable her to have her rights fixed and determined in accordance with section 264 of the Civil Practice Act. Therefore, no attempt is made in this decision to fix and determine any controversy as between the defendants.

Judgment may be entered annulling the marriage between plaintiff and defendant Julian Brown.