McCLELLAN *v.* McCLELLAN.

1. DIVORCE—APPEARANCE OF PROSECUTING ATTORNEY—MANDATORY STATUTE—WAIVER.

Provision of statute requiring that in divorce cases where there is a child under the age of 17 years the prosecuting attorney should enter his appearance in the cause and when, in his judgment, the interest of the children or the public good so requires, he shall introduce evidence and appear at the hearing and oppose the granting of a decree is mandatory, applies to divorce proceedings in which husband claimed, and was later decreed, not to be the father of his wife's child born 11 months after the marriage, and is not waived by failure of defendant wife, herself a minor, to raise objections to prosecuting attorney's nonappearance during the trial (3 Comp. Laws 1929, § 12764, as amended by Act No. 44, Pub. Acts 1931).

2. SAME—PRESUMPTION OF PATERNITY OF CHILDREN.

At time of institution of divorce proceedings and up to the filing of decree of divorce the husband is presumed to be the father of his wife's child which was born 11 months after their marriage.

ON APPLICATION FOR REHEARING.

3. SAME—PROSECUTING ATTORNEY—FRIEND OF THE COURT.

Rule that provision of statute requiring prosecuting attorney to enter his appearance in divorce cases where there is a child under the age of 17 years is not waived by failure of a party to the divorce to raise objections during the trial to the prosecuting attorney's nonappearance is inapplicable where it does appear that the interests of the child or children have been fully looked after and protected by the prosecuting attorney or by independent counsel, such as the friend of the court (3 Comp. Laws 1929, § 12764, as amended by Act No. 44, Pub. Acts 1931).

Appeal from Kent; Brown (William B.), J. Submitted June 14, 1939. (Docket No. 73, Calendar No. 40,583.) Decided November 9, 1939. Rehearing denied April 19, 1940.

Bill by John Clark McClellan against Joan Wills McClellan for an absolute divorce. Cross bill by defendant for an absolute divorce and alimony. Decree for plaintiff. Defendant appeals. Reversed and remanded.

*Earl W. Munshaw,* for plaintiff.

*John M. Dunham,* for defendant.

*Edward Pokorny, amicus curiæ,* on application for rehearing.

Potter, J.  Plaintiff, an infant under the age of 21 years, by his next friend, December 29, 1937, filed a bill for divorce in the circuit court for Kent county in chancery against defendant who appeared and answered and filed a cross bill praying for divorce and for alimony. The trial court granted plaintiff a decree.

The decree provides:

"That the defendant * * * shall be given the care, custody and education of a minor child born to the defendant on the 13th day of September, 1938, 11 months after said parties had lived and cohabited together as husband and wife, said child is not the offspring of plaintiff, and that said plaintiff shall not be required hereafter to pay for its support, care or education."

There was a property settlement in the decree.

Defendant, having changed counsel since the case was tried in the circuit court, appeals.

The record fails to show an order entered appointing a guardian *ad litem* for defendant who at the time of the trial was under the age of 21 years. There was no appearance by the prosecuting attorney.

3 Comp. Laws 1929, § 12764, as amended by Act No. 44, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 12764, Stat. Ann. § 25.121), provides that in divorce cases where there is a child under the age of 17 years:

"It shall be the duty of said prosecuting attorney to enter his appearance in said cause, and when, in his judgment, the interest of said children or the public good so requires, he shall introduce evidence and appear at the hearing and oppose the granting of a decree of divorce."

In *Willcox* v. *Wayne Circuit Judge,* 83 Mich. 1, this court said:

"The statute is mandatory upon the prosecuting attorney to enter his appearance in the cause. * * * The marriage relation is of so

intimate and delicate a nature, and the welfare of the children of the marriage is so closely connected and involved in the preservation or dissolution of the marriage, that the legislature has seen fit to make it the duty of the prosecuting attorney to investigate, and, if in his judgment their interest requires that there should be no divorce, he shall introduce evidence, appear at the hearing, and oppose the granting of a decree.''

In *Wieser* v. *Wayne Circuit Judge*, 247 Mich. 52, this court said:

''There are three parties to every divorce proceeding—the husband, the wife, and the State. * * * The State being a party to every divorce proceeding, a decree of divorce may not be had without compliance with all the formalities prescribed by law.''

Plaintiff urges that the failure of the prosecuting attorney to appear, due to lack of notification, does not affect the validity of the proceedings; and that the above statute does not apply because it has been determined in the divorce proceedings that plaintiff was not the father of the child. At the time of the institution of the divorce proceedings and up to the filing of the decree, the presumption was that plaintiff was the father of the child born during wedlock. The mandatory provisions of the statute apply to such cases. The provisions of the statute may not be waived by the failure of defendant to raise objections thereto during the trial of the cause. See *Weller* v. *Speet*, 275 Mich. 655.

The decree is reversed and the cause remanded to the circuit court for further proceedings. Defendant may recover costs.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, CHANDLER, NORTH and McALLISTER, JJ., concurred.

## ON APPLICATION FOR REHEARING.

PER CURIAM: The application for rehearing filed by Edward Pokorny, the friend of the court for the third judicial circuit, as *amicus curiae* in the instant case, is denied. The opinion in the above-entitled cause does not overrule *Cole* v. *Cole*, 193 Mich. 655, and *Conkey* v. *Conkey*, 237 Mich. 326. It does not apply to a case where the interests of the child or children have been fully looked after and protected by independent counsel, such as the friend of the court, who is charged with the duty of investigating the facts and presenting the true situation so far as the best interests of the child or children are concerned.