MAYO *v.* MAYO.

1. Divorce—Custody of Children.
   The good of the child concerned and his future welfare constitute the polar star to guide a court in making a determination on a petition as to the custody of a minor child of divorced parents.

2. Same—Custody of Children—Trial Court—Supreme Court.
   The Supreme Court is not disposed to substitute its judgment for that of the trial judge in the matter of awarding custody of a minor child of divorced parents.

3. Same—Custody of Children—Notice to Prosecuting Attorney.
   Notice to the prosecuting attorney of petition to amend a decree of divorce as to the custody of a minor child is a mandatory statutory requirement (CL 1948, § 552.45).

---

References for Points in Headnotes

[1] 17 Am Jur, Divorce and Separation § 683.
[3] 17 Am Jur, Divorce and Separation § 685.
[3] Right of parent to notice and hearing before being deprived of custody of child. 76 ALR 242.

4. Same—Custody of Children—Costs—Notice to Prosecuting
   Attorney.

   No costs are allowed on reversal of order changing custody of
   young boy from parents of deceased mother to the child's
   father because of failure to give notice to the prosecuting
   attorney as required by statute (CL 1948, § 552.45).

Appeal from Hillsdale; Arch (Charles O.), J. Submitted June 6, 1951. (Docket No. 28, Calendar No. 45,027.) Decided September 5, 1951.

Divorce proceedings between Geneva C. Mayo and Bertrand C. Mayo. On petition of defendant for change of custody. Decree amended. Isa Osmun, mother of deceased plaintiff and custodian of child, appeals. Reversed and remanded.

*Dimmers & MacRitchie,* for appellant.

*Bourns & Bird,* for defendant.

Bushnell, J. Geneva C. Mayo was granted a decree of divorce on October 26, 1945. She was awarded the custody of Ronald Wayne Mayo, then 2 years of age. Defendant Bertrand C. Mayo was ordered to pay $7.50 per week to Geneva for the support and maintenance of Ronald.

Shortly after the divorce, Geneva's health began to fail and she was obliged to return to her parents' home near Kunkel, in Ohio, where she died on June 12, 1948. In her last will and testament she expressed the hope and desire that her mother, Isa Osmun, be given the custody of Ronald. It is stated in appellant's brief that pursuant to the testamentary request she was appointed the guardian of Ronald by the probate court for the county of Williams, State of Ohio, that being Ronald's domicile.

Ten days after the death of Geneva, defendant filed a petition seeking the custody of Ronald. An

answer was filed by Isa Osmun and her husband. The trial judge filed an informative opinion in which he recited that 3 attachments had been issued because of defendant's failure to obey the court's order respecting the support and maintenance of Ronald. An order was entered continuing the custody in Isa Osmun for 1 year after August 9, 1948, and until further order of the court. The right of visitation was accorded the defendant and he was permitted to have Ronald in his home in Litchfield, Michigan, during the last 2 weeks in July.

Defendant filed a second petition on September 20, 1949 (erroneously stated in the record as 1948), to which Isa Osmun filed an answer.

The trial judge again considered the situation. In a written opinion he reviewed in detail all the material facts, including those pertaining to conditions in the home of the remarried father, the unusual care given the boy by the maternal grandparents, and the testamentary desire of the mother. He emphasized the child's need of parental care in the future as the grandparents become "progressively older."

The divorce decree was amended to give the custody of Ronald to his father at the conclusion of the current semester of his school year, and that Mayo thereafter be relieved from payment of any sums for Ronald's support and maintenance. The maternal grandparents were awarded custody during the month of July each year, and in the event they became unable to provide a suitable home for Ronald during that month, and the half-sister of Ronald (15 years his senior) could do so, she was to have the child during July each year.

The maternal grandmother, now 69 years of age, has appealed from the amended decree.

She denies that there has been any change in circumstances which would warrant a change in custody, and that the best interests of the child, in view

of his tender age, his mother's will and his father's conduct, do not require such a change. She also argues that the prosecuting attorney of Hillsdale county, Michigan, has not been notified as required by statute (CL 1948, § 552.45 [Stat Ann § 25.121]), did not appear, and has not made any recommendations in the matter.

The controlling question, or as it has been sometimes described, the polar star to guide to the conclusion, is the good of the child and his future welfare. *In re Stockman,* 71 Mich 180, 193.

We are impressed by the loving care accorded the child by the maternal grandparents and the present home and family conditions of the father. Especially are we impressed by the careful consideration accorded the matter by the trial judge on each of the petitions. We are not disposed to substitute our judgment for that of the trial judge.

Notwithstanding our view of the correctness of the decision of the trial judge, the statutory requirement of notice to the prosecuting attorney is mandatory. *Bishop* v. *Bishop,* 286 Mich 567; *McClellan* v. *McClellan,* 290 Mich 680 (127 ALR 731); and *Geark* v. *Geark,* 318 Mich 614.

The amended decree is vacated and the cause is remanded for further proceeding in compliance with the statute, *supra.* No costs.

Reid, C. J., and Boyles, North, Dethmers, Butzel, Carr, and Sharpe, JJ., concurred.