JAMES v JAMES

JUDGMENT—DEFAULT JUDGMENT—ABSENCE OF COUNSEL.

A judgment was improperly granted plaintiff in a divorce case where the defendant arrived prepared for trial on the day the trial was set, the trial was delayed for two days due to the congested court docket, on the day the judgment was entered the case was scheduled to be the second case but the first case was bypassed and defendant's counsel, after receiving notice of the change, arrived promptly in the court, but judgment had already been granted to plaintiff, because both parties are entitled to a fair hearing, absent manifest neglect to respect scheduling procedures.

Appeal from Genesee, John W. Baker, J. Submitted Division 2 March 1, 1972, at Lansing. (Docket No. 12083.) Decided April 28, 1972.

Complaint by Norma J. James against Jimmie J. James for divorce. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*Ivan W. Crawford,* for plaintiff.

*Eugene E. Sordyl (William A. Shaheen, Jr.,* of counsel), for defendant.

Before: McGREGOR, P. J., and J. H. GILLIS and O'HARA,* JJ.

O'HARA, J. This is an appeal by the defendant in a contested divorce proceeding. Plaintiff com-

REFERENCE FOR POINTS IN HEADNOTE
47 Am Jur 2d, Judgments § 1168.

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

menced her action in October, 1969. The case was originally scheduled to be heard on December 23, 1970. For various reasons, some the fault of defendant, others not, the date of trial had to be rescheduled several times. Ultimately, April 21, 1971, was fixed as the trial date—and so published in the Genesee County Legal News in accordance with the Genesee County Local Court Rule 5.2. As is customary, this was not the only case scheduled for that date.

All of the parties to this action appeared in court on the morning of April 21, 1971. As the day wore on, it became apparent that the court would not reach this case. It, however, was neither adjourned nor set for another specified date.

The trial court continued to hear cases having a docket priority over this one throughout the next day, April 22, 1971. It appeared at the end of this day that the present case would be the *second* case heard on the following morning.

At 8:15 a.m. on April 23, 1971, defendant's counsel's office received a call from plaintiff's counsel to the effect that the court was ready to proceed to trial. Apparently the case originally scheduled on the court's docket for a hearing before this one was by-passed or disposed of in some manner.

After waiting some 24 minutes after this call for the defendant's attorney to appear, the court proceeded with the hearing of this case, and rendered a judgment granting the divorce to plaintiff.

Almost immediately thereafter defense counsel entered the courtroom and inquired as to what had occurred. Upon learning of the judgment in plaintiff's favor, he began to make various motions in an attempt to set aside the decision. All of defendant's subsequent efforts to vacate the judgment and obtain a new trial below failed. He appeals of right.

The trial judge, burdened with a heavy docket, acted commendably in trying to dispose of cases and avoid unnecessary delays. We find no fault in his effort to bring the present case to trial rather than adjourn it to still another time. Yet, both parties are entitled to a fair hearing absent manifest neglect by one or the other to respect scheduling procedures. This is certainly true of divorce actions where special court rules and statutes treating procedure require that each party have adequate notice of each stage in the litigation. *Wieser v Wayne Circuit Judge,* 247 Mich 52 (1929).

Both plaintiff and the trial court pointed out that defendant had caused prior delays during the pendency of the suit. The record seems to support this conclusion. Nevertheless, the defendant was incontestably present and prepared for trial on April 21, 1971. The trial court must have been aware of this.

We are hesitant to intrude ourselves into the sticky problem of trial court docket control. Yet, we must conclude that since defendant's counsel arrived in court very shortly after plaintiff's testimony was taken and a judgment entered, opportunity should have been afforded defendant to put in his case. This is especially true because of the uncertainty that developed as to the precise time this case would be called.

For the foregoing reasons, we vacate the judgment entered below and remand for further proceedings. Costs will abide the final outcome.

All concurred.