JOSEPH H. RINEHART, petitioner,

*v.*

LILLIAN E. RINEHART, defendant.

[Decided April 28th, 1920.]

1. No order *nunc pro tunc* will be made dismissing a prior suit for divorce, nor will consolidation of two divorce causes between the same parties be allowed, so as to disturb the status or impair the rights which obtain by the pendency of the former cause.

2. In divorce cases the state is a party whose interest the court at all times will save and protect; and as the law favors marriage and disfavors divorce, the court will do nothing to facilitate the latter, but will only dissolve the marriage relation when the complaining party is strictly entitled to a decree.

3. The rule that none of the time occupied by the pendency of a former *bona fide* proceeding for divorce by one of the parties against the other can be computed as part of the time of the desertion in a later case between them, does not apply when process was not issued in the former proceeding, or, having been issued, was never served personally or by publication and substituted service under the statute, and when the defendant was consequently not in court in the former case, and, in such circumstances, the former proceeding is no impediment to the granting of a divorce in the later one.

4. *McLaughlin* v. *McLaughlin, 90 N. J. Eq. 322,* distinguished.

On petition for divorce. On final hearing on pleadings and proofs *ex parte.*

*Messrs. Campbell, De Turck & West,* for the petitioner.

WALKER, CHANCELLOR.

On November 3d, 1917, a petition for divorce was filed on behalf of Joseph H. Rinehart (44-193), the petitioner in this cause, and a citation was issued and returned by the sheriff "not found." The petitioner entered the army and did not further prosecute that cause.

On June 16th, 1919, the petitioner, Joseph H. Rinehart, commenced this suit for divorce by petition filed in this court (46-538). The defendant in this case was returned non-resident, and due notice of the order of this court directing the defendant to appear and answer the petitioner's petition was duly published and served upon the defendant, together with a certified copy of the petition, as notice to the defendant without this state, as in the order and by the rules of this court is directed and prescribed. The defendant being thus in court filed no answer and the cause was referred to a special master who has reported that the petitioner is entitled to the divorce prayed for. The petition in the cause *sub judice* alleges the desertion to have commenced on the same date as alleged in the

former petition, and, if the former suit, in which no decree of dismissal was ever entered, is and has been pending *bona fide* since the filing of the petition therein, the divorce prayed for by the petitioner and recommended by the master in this cause will have to be denied, because none of the time occupied by the pendency of a former *bona fide* proceeding for divorce by one of the parties against the other can be computed as part of the time of the desertion in a later case between them. *McLaughlin* v. *McLaughlin,* *90 N. J. Eq. 322.* And the question is, has the former suit between the parties to this proceeding been so pending since the filing of the petition therein?

Apprehending that this question might be answered in the affirmative counsel for the petitioner applied for leave to dismiss the first petition *nunc pro tunc* as of a date prior to two years before the filing of the last petition, so that the two years' desertion required by our statute as cause for divorce would have run before the filing of the second petition, or, failing that, for leave to consolidate the two suits, asserting that they are but one. Neither of these remedies is available. *Nunc pro tunc* is a phrase used to express that a thing is done at one time which ought to have been performed at another. *2 Bouv. L. Dic. (Rawle's rev.) 528.* It cannot be said that the former petition ought to have been dismissed at all. It might have been but was not, and if that suit has been pending *bona fide* it bars relief in the present one, for surely the rule of *nunc pro tunc* entries can never be invoked to change a legal status. When the court causes delay in the entry of a judgment or order an entry will be allowed *nunc pro tunc* as of the time when the party would otherwise have been entitled to it. *St. Vincent's Church* v. *Borough of Madison, 86 N. J. Law 567.* There may be cases in which the parties are entitled to have such an entry made when they themselves have caused delay but never so as to disturb a status or impair rights. Equally unavailable is the suggestion that the two causes be consolidated. It must be perfectly obvious that the rule allowing the consolidation of causes likewise cannot be invoked when it would disturb a status or impair a right. Besides, there could be no consolidation as

the defendant is not in court in the first case. Furthermore, in divorce cases the state is a party whose interest the court at all times will save and protect. *Grant* v. *Grant, 84 N. J. Eq. 81.* And as the law favors marriage and disfavors divorce, the court will do nothing to facilitate the latter, but will only dissolve the marriage relation when the complaining party is strictly entitled to a decree.

But I think the former suit between these parties has not been pending *bona fide* in the sense contemplated by the *Mc-Laughlin Case* and the cases therein cited. *Weigel* v. *Weigel, von Bernuth* v. *von Bernuth, Marsh* v. *Marsh, Chipchase* v. *Chipchase* and *Drayton* v. *Drayton* were cases in which the defendants in the earlier proceedings were brought into court and filed litigious pleadings. In *Johnson* v. *Johnson* there were two prior proceedings, the first by the husband against the wife, and the second by the wife against the husband. In both the defendants were in court but filed no pleadings. This is not shown in the reported case, but appears from an examination of the files of the earlier one. The only other cases cited in *McLaughlin* v. *McLaughlin* are *Metzler* v. *Metzler* and *Thomas* v. *Thomas,* which are on another point.

It is true that Vice-Chancellor Backes in *Hermann* v. *Mexican Petroleum Corp., 85 N. J. Eq. 367,* held that a suit in chancery is commenced when process is issued. The *Hermann Case* concerned a bill, and the Chancery act (*Comp. Stat. p. 411 § 3*), provides that no subpoena or other process for appearance shall issue until after bill filed. The Divorce act (*P. L. 1907 p. 474*), provides in section 10, that all suits for divorce shall be commenced by filing a petition with the clerk, and in section 11, that upon filing the petition the clerk shall, if required, issue a citation under the seal of the court, for the defendant to answer. So we have the same statutory provision with reference to issuing process of citation in divorce cases as for issuing process of subpoena in suits commenced by bill, namely, that the process in each case shall only issue after the filing of the initial pleadings. But the commencement of suits is one thing and their pendency is quite another.

It will be observed that in the cases cited the defendants were in court in the earlier suits brought by the petitioners. In the instant case the defendant was not brought in, and, this being so, the defendant could not get in by voluntary appearance, but only in proceedings strictly adverse and in accordance with the statutory provisions for obtaining jurisdiction. *Henry* v. *Henry, 79 N. J. Eq. 493; affirmed, 81 N. J. Eq. 512.* It cannot be said with reason that a case is pending *bona fide* against a defendant who has not been brought into court to defend it, and who has no opportunity to voluntarily appear for that purpose. This in effect was held by me when vice-chancellor in a case in which no memorandum was filed. The ruling is to be found in *Bid. N. J. Div. Prac.* (*2d ed.*) *91,* which reads as follows:

"(*p.*) Where a woman deserted her husband and lived under conditions that gave rise to suspicion as to her chastity, a suit for adultery commenced and later abandoned for want of decisive proof (of which suit, the wife, having disappeared before its commencement, never had notice) was held not to prevent a suit against her for desertion for a period covering part of the time of the pendency of the first suit. *Eardley* v. *Eardley, Dock. 33 p. 356, Walker, V. C.*"

The note correctly states the rule laid down, but is inaccurate in some of its statements of fact. The case there considered is to be found at page 536 of docket 33, instead of page 356, and the suits were those of the wife against the husband charging him with adultery in the first one and desertion in the later one. No memorandum on the question here involved was filed in either of the Eardley cases, the first one of which is to be found in docket 31, page 429. A decree dismissing the first suit, without prejudice, was entered on the same day that the petition was filed in the subsequent case. There is nothing in the *McLaughlin Case* which conflicts with the holding in the *Eardley Case.*

I am more than ever convinced that the rule in the *Eardley Case* is sound. I do not think that the doctrine that none of the time occupied by the pendency of a former *bona fide* proceeding for divorce by one of the parties against the other can

be computed as part of the time of the desertion in a later case between them obtains, when process was not issued in the former proceeding, or, having been issued, was never served personally, or by publication and substituted service under the statute. In the *McLaughlin Case,* it will be observed, the defendant was served with citation and copy of petition, and filed an answer, and the cause was referred to an advisory master but was never brought on for hearing.

The advisory master holds that the present petitioner is entitled to a divorce on the proofs taken before the special master, subject to my judgment on the question of former suit pending, and as I am of opinion that the former suit, in the circumstances above detailed, is no impediment to the granting of a divorce in this case, a decree *nisi* will be entered.