(No. 23856.—
GILBERT WINNING, Appellee, *vs.* GRETCHEN WINNING, Appellant.

*Opinion filed February 18, 1937—Rehearing denied April 19, 1937.*

BAKER & LESEMANN, for appellant.

BEASLEY & ZULLEY, for appellee.

Mr. CHIEF JUSTICE HERRICK delivered the opinion of the court:

Gretchen Winning has appealed from a decree of divorce entered against her by the city court of East St. Louis on April 23, 1936. The title to certain real estate is involved. The appeal was properly taken to this court.

A statement of the proceedings preceding the entry of the decree will be necessary to an understanding of the questions here raised. On March 23, 1933, the appellant, also referred to herein as defendant, filed her bill for separate maintenance against appellee, also referred to herein as plaintiff, in the circuit court of St. Clair county, hereinafter referred to as case No. 5284. Plaintiff answered, and later on January 20, 1934, filed his cross-bill for divorce, charging extreme and repeated cruelty, as well as desertion. That cause was tried before a jury which returned a directed verdict finding defendant was not living separate and apart from her husband without fault on her part and further finding she was not guilty of wilful desertion or extreme and repeated cruelty, as charged in the cross-bill. The circuit court on May 3, 1934, entered a decree dismissing both the original bill and cross-bill for want of equity.

On November 10, 1934, plaintiff filed his complaint for divorce against defendant, in the city court of East St. Louis, charging extreme and repeated cruelty and desertion. This case is hereinafter referred to as No. 3684. On December 5 following, the defendant filed her motion to dismiss the complaint on the alleged ground that the cause was barred by the prior judgment in case No. 5284. On January 16, 1935, defendant filed an additional motion to dismiss the complaint, charging that the cause of action, if any, alleged in the complaint, originated during the period of time that separate maintenance and divorce proceedings were pending in the circuit court which did not terminate until within a period of one year prior to the filing of the complaint in No. 3684; that the alleged acts of cruelty were the same as charged in case No. 5284. On February 2, 1935, the city court entered an order dismissing that suit on the motion of plaintiff's attorney. On March 4, 1936, defendant filed her motion to vacate and set aside that order. She set up, among other things, that the order

of dismissal was entered without any notice being given to her or her attorneys.

February 3, 1936, plaintiff filed, in the same city court, his complaint against defendant for divorce, hereinafter referred to as case No. 4645, charging desertion and extreme and repeated cruelty. Summons was returned showing service upon the defendant on February 4, notifying her to file her answer or otherwise make her appearance on or before the first Monday in March. No answer or other pleading was filed by her until March 5 when, without prior leave of court, she filed her motion, supported by the affidavit of one of her attorneys, to dismiss the complaint, alleging as grounds therefor that there was another action pending between the parties for the same cause, bearing docket No. 3684; also, that the present cause of action, if any, was barred by the prior judgment in case No. 5284. On April 16 plaintiff filed his motion to strike this last mentioned motion of defendant. The motion charged there was no suit pending in the city court, and that the cause of action set out in the complaint was not barred by any judgment of the circuit court. He asked that default be entered against defendant, for the reason the time allowed by statute for filing an answer had long since elapsed and no answer had been filed. The affidavit of one of plaintiff's attorneys was filed in support of the motion and a copy of this motion was served upon, and receipted for, by one of defendant's attorneys on April 16. On April 18 the city court entered an order in case No. 4645 allowing plaintiff's motion to strike defendant's motion of March 5 and defaulting defendant. On April 23 the court heard the evidence of the witnesses for the plaintiff, found the defendant guilty of desertion and extreme and repeated cruelty, as charged in the complaint, and entered a formal decree for divorce, awarded plaintiff certain real estate, alimony of $30 per month and solicitor's fees of $100. On April 29 defendant filed her motion to set aside the default and to vacate the

decree, alleging as grounds therefor that (1) no prior notice was given to the defendant or her solicitors, of the date, time and place of the hearing held on April 18 in which the court allowed plaintiff's motion to strike the motion of defendant filed March 5; (2) no rule was entered upon defendant, or her solicitor, to file an answer to the complaint after defendant's motion was filed on March 5; (3) the order of default was entered without any rule having been entered by the court to answer the complaint and without any lapse of time from the entry of the order to strike defendant's motion of March 5; (4) the decree of divorce was entered without the intervention of a jury, although plaintiff had requested a jury at the time of filing his complaint and had not withdrawn his request, and (5) she had a good defense to the complaint. This motion was supported by the affidavit of one of her solicitors setting forth his employment as her attorney, that he did, within the time required by statute and the rules of the trial court, file a motion to dismiss the complaint; that on April 16 he was served with a copy of plaintiff's motion to strike the defendant's motion to dismiss of March 5 but that no notice of the time and place when the same would be heard was ever given him, or anyone engaged in the practice of law with him; that he received no notice of the hearing of April 18 or of the decree of April 23, until the morning of April 24, and further showing his engagements in the trial of other causes continuously until April 29.

While it is not controverted that the defendant's attorneys were served on April 16 with a copy of the motion to strike, the record does not show that any written notice was served on the defendant, or her attorneys, of any time or place when a hearing on the motion would be had. The docket entry of the city court pertaining to the hearing and the default entered against the defendant that day recites "and it appearing to the court from the statement of counsel for the plaintiff that counsel for the defendant was noti-

fied on April 16, 1936, that said motion would be taken up before this court on April 18, 1936, and no one appearing for the defendant," etc. The subsequent affidavit of plaintiff's attorney, appearing in the record, on that subject states that he "personally notified" counsel for the defendant "that he would appear before * * * the judge of the city court * * * on Saturday morning, April 18, and ask that said motion be heard." This affidavit was silent on the manner in which the notice was given, other than as above stated. The record does not show, except for the recital in the docket entry and the later affidavit of plaintiff's attorney, that either the defendant or her counsel had any notice of the act of the court on April 18, or of the intention of plaintiff's counsel that he would proceed to have the cause heard on April 23. The affidavits of both defendant and of her counsel unequivocally deny any notice or knowledge whatever of either event until April 24.

On May 7 the affidavit of the defendant was filed in support of her motion to set aside the default and vacate the decree. On May 8, plaintiff filed his motion to strike defendant's motion to vacate the default and set aside the decree. In support thereof he filed the affidavits of himself, and of one of his attorneys, in which it was stated that plaintiff's attorney called defendant's attorney several times to ask him to call at the city court to dispose of the motion filed by defendant in the former case No. 3684 and in the present case No. 4645, but could not get him to agree on any time for the hearing. He further detailed the efforts of plaintiff's attorney to get defendant's attorney to dispose of the motion. The affidavit further stated that on April 15, 1936, he personally notified defendant's attorney that he would appear in the city court on Saturday morning, April 18, and ask that said motion be heard. On May 8 defendant filed her supplemental affidavit, denying the truth of the several allegations in plaintiff's complaint. On June 29, at the hearing before the court, the defendant's

motion to set aside the default and vacate the decree entered April 23 was denied.

Appellant urges as error that neither appellant nor her attorneys had any notice of the hearing on appellee's motion filed April 16 to strike appellant's motion filed March 5 in case No. 4645, and that therefore the order entered April 18, 1936, allowing the appellee's motion and entering a default against appellant, was without authority and void.

Paragraph 4 of rule 4 promulgated by this court at its December term, 1933, as amended June 18, 1935, under the provisions of the Civil Practice act (State Bar Stat. 1935, chap. 110, p. 2452) requires a defendant on being served with a summons more than twenty days prior to the return day to file his answer, or otherwise make his appearance, by the stated return day or be subject to a default.

The portions of rule 8 announced by this court (State Bar Stat. 1935, chap. 110, p. 2453) as far as pertinent here are, "(1) The defendant shall appear on or before the first return day named in the summons provided the summons shall be served upon him not less than twenty days prior to said return day," etc. "(5) The judge, for good cause shown on special motion after notice to the opposite party, may extend the time for putting in any pleading or the doing of any act which is required by the rules to be done, within a limited time, either before or after the expiration of the time." It is obvious that under these rules it was imperative in the usual case that appellant "file her answer or otherwise make her appearance" on or before the second day of March, since the summons was served upon her more than twenty days prior to that return day, or otherwise, on her failure to do so, might apply to the judge by special motion to extend the time for putting in her answer or other pleading. The record shows that the first pleading put in by appellant was her motion of March 5, filed without prior leave of court, three days after the re-

turn day when by the unmistakable command of the writ she was required to plead. The record further shows that appellant did not apply to the court, either before or after the return day, pursuant to paragraph 5 of rule 8, for leave to plead. The appellant says, however, that the rules of the city court of East St. Louis, adopted many years ago and still in effect, gave the appellant until the first Thursday after the return day to plead; that the filing, on March 5, of her motion to strike complied with the terms of such rule. No authority is delegated to any *nisi prius* court, either by the Civil Practice act or the rules of this court, to adopt rules in conflict with the positive provisions of the rules of practice and procedure adopted by this court. Those rules, so far as applicable, apply uniformly to the practice in *nisi prius* courts of record in this State except the municipal court of Chicago and supersede such local rules. (*People* v. *Callopy,* 358 Ill. 11.) On adoption of the rules by this court under the provisions of the Civil Practice act, the city court should have revised its former rules. They were misleading to attorneys practicing at the bar of that court.

The appellant presents the further argument that the evidence introduced at the hearing in case No. 4645, appearing in the record, was insufficient on which to base the decree for divorce. The Divorce statute provides (State Bar Stat. 1935, chap. 40, sec. 8, p. 1273,) that the court is required in a default case "to hear the cause by examination of witnesses in open court, and in no case of default shall the court grant a divorce, unless the judge is satisfied that all proper means have been taken to notify the defendant of the pendency of the suit and that the cause of divorce has been fully proven by reliable witnesses. Whenever the judge is satisfied that the interests of the defendant require it, the court may order such additional notice as equity may seem to require." See *Shillinger* v. *Shillinger,* 14 Ill. 147.

We have therefore made a careful examination of the record. It would serve no useful purpose to set forth the evidence here. The record discloses that the parties are each seventy-three years old and were married in 1921. There was no trouble of any consequence between them until 1933. They continued to live in the same house throughout most of the alleged period of desertion. The plaintiff testified that he and the defendant lived in different rooms, cooked and ate separately, and his laundry was done outside. The evidence supporting the charge of cruelty was circumstantial except for the testimony given by the plaintiff. The appellant's affidavits in support of the motion to vacate the decree deny the desertion and all acts of cruelty. She alleges that during all the period covered by the alleged desertion she kept house for the plaintiff.

A careful examination of the pleadings, motions and counter-motions filed by the respective parties in the interval between the filing of the complaint in No. 3684 on November 10, 1934, and the hearing in cause No. 4645 on April 23, 1936, would have disclosed to the trial court that cause No. 4645 was the third suit between these parties involving the question of divorce. Each cause was bitterly contested. The circuit court had determined in the first case that the appellee was not entitled to a divorce on the charge of desertion and cruelty. The affidavits filed by the respective parties, in connection with the defendant's later motion to set aside the default and vacate the decree as above mentioned, show a sworn denial, both by the defendant and by her counsel, of any notice of the hearing of April 18, at which the default was entered, or the hearing of April 23, when the decree for divorce was granted.

The State has always been an interested third party in all divorce actions under the public policy of this State and we have consistently held to a rigid enforcement of the provisions of the Divorce act. (*Trenchard* v. *Trenchard*,

245 Ill. 313; *Leland* v. *Leland,* 319 id. 426; *Decker* v. *Decker,* 193 id. 285.) Under the facts appearing in this record showing (*a*) the earnest contest by the defendant at all stages of the proceeding of the right of the plaintiff to his divorce, and (*b*) a recent decree entered by the circuit court finding appellee not entitled to a divorce, we believe it was the duty of the trial court, under the circumstances, to have satisfied himself that the defendant had prior notice of the hearing of April 18 before entering a default against her. We stated in *People* v. *Case,* 241 Ill. 279, at p. 287, "A decree dismissing a bill for divorce upon a hearing is a final decree. The parties have no right again to litigate the matters involved in that suit, and by filing a new bill, try different judges until they find one who agrees with them upon the facts. The public are also interested in the finality of a decree." This was a proper case for the application of that part of section 8 of the Divorce act providing that the judge, if satisfied the interests of the defendant require it, shall direct additional notice given the defendant of the time and place when and where the cause will be heard. The trial court in view of the interest of the State in all divorce cases, and under the particular facts shown by this record, committed reversible error in not allowing the defendant's motion to set aside the default and vacate the decree.

On application by her, the appellant should be given leave to answer the complaint.

The decree of the city court of East St. Louis is reversed, and the cause is remanded to that court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*