WILFRED COATES SMITH *vs.* LILIAN COÁTES SMITH.

NOVEMBER 5, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

MOSS, J. This case is before us on the exception of the petitioner to the decision of the trial justice denying a petition for divorce. This petition by the husband was based solely on the ground that the respondent had been guilty of wilful desertion for more than five years next before the filing of the petition.

As she was living in England at the time when the petition was filed, service of process in the case was made upon her there by a disinterested person; but she has entered no appearance in the case. It was heard solely on oral testimony.

The only evidence in the case was uncontradicted testimony given by the petitioner and a man and wife who, during the last years when the parties were living together, lived in a home adjoining that of the petitioner. The following facts were shown by this testimony:

The parties were married July 4, 1925 in Leeds, Yorkshire, England. Later in that year they removed to Canada and in 1929 removed to this state, where they lived together, appar-

ently happily, until the latter part of 1932. Then he found it impossible to get private employment and therefore worked for a considerable period under the W. P. A., being paid $12 to $14 per week, all of which he turned over to the respondent for the maintenance of the family, which then included a son about six years old.

The respondent left the petitioner late in that year, taking the boy with her, and returned to her old home in England, where her sisters were living and where she had some real estate. The petitioner testified that she made arrangements to go and secured transportation, without his knowledge; that her reasons for leaving were that she was dissatisfied with the amount of money that he was earning and that with the help of her relatives in England she could do better there than in this country.

The petitioner also testified that he begged her to stay, but she refused; that he then asked her to wait a week, for the next boat, so that he could get a visa for her, which would facilitate her return; but that she refused to wait and went to England with the boy and has remained there ever since, though he wrote her many times and asked her to return. There was no direct evidence that when she left she intended never to come back.

It does not appear that he ever sent her or offered to send her any money for the expenses of returning or for the support of herself or their boy, although, a few years after she left, his earnings greatly increased. For several years they corresponded and she urged him to return to England, but he refused. After a few years, correspondence between them ceased.

He also testified that the last time when he asked her to come back she said that she would not, because the boy did not want to come back. He did not present any letter from her nor give any reason for not doing so. He further testified that he had never sent her any money for the support of the boy because he could not afford to do so; and that he always said that if she wanted to come back he would save and send

their fares, but that she never said that she would come back.

The trial justice, in his decision denying the petition, stated that the respondent did not desert the petitioner at the time when she left to return to England, but that there was at least tacit consent on his part; and that "she just left him till better times." He said also that the petitioner's testimony was rather vague and that there was nothing to show that he tried to save any money for the return of his wife and boy. The trial justice also stated that though the petitioner had been employed for six years at good wages, he had sent nothing for the support of his wife or son and therefore came before the court "with very poor grace."

It is well settled in this state that divorce cases differ substantially from other cases in that the state is virtually a party, interested in the general maintenance of marriage relations. In *McLaughlin* v. *McLaughlin*, 44 R. I. 429, at 433, this court said: "The state will not permit a divorce to be granted by default nor upon admissions of the respondent made in the pleadings; but only upon affirmative convincing evidence that the petitioner is without fault and that the respondent has been guilty of an offence which is destructive of the marriage contract."

That case was cited with approval in *Hurvitz* v. *Hurvitz*, 44 R. I. 478, this court saying at page 480: "The state will permit a divorce to be granted only upon affirmative convincing evidence that the petitioner is without fault and that the respondent has been guilty of an offense which is in violation of the marriage covenant."

In *Warren* v. *Warren*, 33 R. I. 71, a divorce case in which the trial justice had given a decision for the petitioner on the ground of adultery by the respondent, this court sustained the decision, saying at page 76: "This court will not disturb the findings of fact made by a justice of the Superior Court in a divorce case unless such findings clearly fail to do justice between the parties."

The case of *Puhacz* v. *Puhacz*, 55 R. I. 306, came before this court on the exception of the petitioner to a decision, by

a justice of the superior court, dismissing her petition for a divorce. It was contended by her that in the absence of any evidence in behalf of the respondent the trial justice must accept the testimony of the petitioner. This contention was denied by this court, which said in its opinion that it had repeatedly said that the state is an interested party in divorce actions, citing *McLaughlin* v. *McLaughlin, supra,* and *Berger* v. *Berger,* 44 R. I. 295. It stated that divorce cannot be obtained by default or by stipulation of the parties and added, at page 307: "More than slight evidence is required of the petitioner. Affirmative evidence of a convincing nature, both as to the freedom from fault of the petitioner as well as to the guilt of the respondent, is a necessary prerequisite to warrant a decision in favor of the petitioner. It is the duty, therefore, of the trial justice to apply this rule in weighing the evidence regardless of the failure of the respondent to offer any testimony in his defense."

*Blatchford* v. *Blatchford,* 67 R. I. 24, was a case of a petition for divorce brought by a wife on the grounds of desertion by her husband and neglect to provide. He was served only by publication and did not enter any appearance; and the case was heard *ex parte,* the petitioner and two of her daughters being the only witnesses. The justice of the superior court before whom it was heard entered a decision denying the petition, and the case came before us on the petitioner's exception to that decision. This exception was overruled on the ground that we could not say that the trial justice was clearly wrong in refusing, on the evidence before him, to grant the petition.

We have carefully considered the evidence which was before the trial justice in the instant case; and after applying therein the rules laid down in the above-cited cases as being the proper rules to be applied to decisions of trial justices in uncontested divorce cases, we are of the opinion that we cannot properly find that he was clearly wrong in his decision denying the petition.

The petitioner's exception to the decision of the trial justice is overruled, and the case is remitted to the superior court.

*Raymond F. Henderson,* for petitioner.