**LEWIS L. BREDIN, Plaintiff**

v.

**NATALIE BERTHOLD BREDIN, Defendant**

Civil No. 133-1955

District Court of the Virgin Islands

Div. of St. Thomas and St. John
at Charlotte Amalie

April 12, 1956

*See, also, 140 F. Supp. 132*

MAAS AND BAILEY, Charlotte Amalie, Virgin Islands, (DAVID E. MAAS, ESQ., Charlotte Amalie, Virgin Islands of counsel), *for plaintiff*

DUDLEY, HOFFMAN AND McGOWAN, Charlotte Amalie, Virgin Islands, (GEORGE H. T. DUDLEY, ESQ., Charlotte Amalie, Virgin Islands of counsel), *for defendant*

MOORE, *Judge*

This is an action for divorce initiated by the plaintiff, Lewis L. Bredin, on July 22, 1955, on the grounds of cruel and inhuman treatment and upon which petitioner prays this court for a decree of divorce absolute and for such other and further relief as to the Court may seem just and reasonable in the premises.

The plaintiff was represented by the firm of Maas and Bailey, David E. Maas, Esquire, of counsel, and the defendant, Natalie Berthold Bredin, by special appearance, was represented by the firm of Dudley, Hoffman and McGowan, George H. T. Dudley, Esquire, of counsel.

On July 22, 1955 the Court upon motion of plaintiff's attorneys entered an order directing service of process personally upon the defendant at the place of defendant's residence or, in lieu thereof, that service of process be made by publication of summons herein in a local newspaper, once a week, for four consecutive weeks, as provided by law.

On November 8, 1955 the attorneys for the defendant appeared specially for and on behalf of the defendant "for the sole purpose of contesting the jurisdiction herein on the

ground that the controversy herein is still pending before the Supreme Court of Florida in which plaintiff herein is appellant from a final decree dated August 4, 1954 in favor of defendant herein;" a copy of which notice of special appearance was served on the attorneys for the plaintiff herein.

It is also disclosed by the record that proof of personal service of summons made on defendant, Natalie Berthold Bredin, at 694 South Amalfi Drive, Pacific Palisades, California, was returned by Deputy United States Marshal Andrew Bazar on November 15, 1955.

At the request of the parties herein the Court granted a hearing on the special appearance of the defendant on November 25, 1955, at which time counsel for the defendant presented a certified copy of a final decree of the Circuit Court, St. Johns County, Florida, dated August 4, 1954, as well as a certified copy of plaintiff's notice of appeal dated September 30, 1954.

Counsel for defendant also presented a photostatic copy of plaintiff's original bill of complaint for divorce, case No. 14644, filed on May 20, 1952, in the Circuit Court, Seventh Judicial Circuit in and for St. Johns County, Florida on the ground of "extreme cruelty" as defined by the statutes of Florida, in which petitioner prayed that the Court enter "an order and decree that the bonds of matrimony heretofore existing between the plaintiff and the defendant be dissolved and plaintiff and defendant be divorced one from the other."

The defendant herein also presented a photostatic copy of her answer and counterclaim filed in the Florida court on December 2, 1952 in which she prayed the Florida court for an award of separate maintenance, as well as the costs of the action including permanent suit money and counsel fees.

The plaintiff filed an answer to defendant's counterclaim

in the Florida court on January 16, 1954, denying "generally and specifically each and every allegation of the said counterclaim except insofar as any of the said allegations may be admitted by plaintiff's bill of complaint." A photostatic copy thereof was presented to the court and was made a part of the record herein.

Counsel for the defendant also presented an "Order of Adjudication and Denying Plaintiff's Motions" of February 19, 1954 for reduction of award and other relief, entered by Circuit Judge, Geo. Wm. Jackson, on March 17, 1954.

Also presented to the Court was a copy of an "Order on Defendant's Motion to Strike Plaintiff's Answer To Defendant's Counterclaim and for Entry of Decree Pro Confesso," entered on April 15, 1954.

A certified copy of "Notice of Appeal" to the Supreme Court of Florida to review the final decree of the Circuit Court, Seventh Judicial Circuit, in and for St. Johns County, Florida, in chancery, bearing date of August 4, 1954, filed by plaintiff on September 30, 1954, was also presented to the Court.

The record further discloses that proof of service of said notice of appeal was entered on September 30, 1954. A motion to dismiss or quash the appeal was filed by the appellee in November 1955 which motion was denied on November 17, 1955; and on December 8, 1955 the Supreme Court of Florida amended its order of November 17, 1955, more specifically denying appellee delinquent temporary support and maintenance, etc., and the matter in chief was listed on the calendar of the Supreme Court of Florida "for argument on the merits at 9:00 o'clock A.M. April 4th, 1956." Copies of all of these documents have been properly marked and presented by counsel for the defendant.

At the conclusion of the hearing before this Court on November 25, 1955, at which no testimony was introduced,

other than the oral argument of counsel, the Court directed the defendant to file a brief not later than December 23, 1955; the plaintiff to file a reply brief not later than January 23, 1956.

On February 21, 1956 the parties advised the Court that the matter was submitted on the briefs filed herein.

The Court has made a study of the points of law raised in the respective briefs and has read the citations furnished in support of the contentions of both sides.

In this connection, the Court wishes to address itself specifically to two salient points. First, has this Court jurisdiction over the subject matter of the action and of the parties thereto and, second, is the decree of the Circuit Court of St. Johns County, Florida, dated August 4, 1954, entitled to full faith and credit in this jurisdiction.

If this Court felt it mandatory to go into the merits of the case, it would rest completely on Burtt v. Burtt, 1922, 59 Utah 457, 204 Pac. 91, and Harding v. Harding, 1905, 198 U.S. 317, 25 S. Ct. 679, 49 L. Ed. 1066, but from the pleadings herein, such a situation is relieved.

■ This Court is satisfied as to the established principle that when, as in the case of Guggenheim v. Wahl, 203 N.Y. 390, 96 N.E. 726, 729, "a court of general jurisdiction in another state has passed upon the jurisdictional facts, and has assumed to hear and to determine the issues, the complainant, who has invoked its jurisdiction, will not be heard herein in a collateral attack upon its judgment. It may have decided erroneously; but that does not affect the validity of the decision." Kinnier v. Kinnier, 45 N.Y. 535, 6 Am. Rep. 132; Hunt v. Hunt, 72 N.Y. 217, 28 Am. Rep. 129; Lynde v. Lynde, 162 N.Y. 405, 56 N.E. 979, 48 L.R.A. 679, 76 Am. St. Rep. 332; Starbuck v. Starbuck, 173 N.Y. 503, 66 N.E. 193, 93 Am. St. Rep. 631.

■ This Court is conversant with the well-settled rule that, "as between courts of concurrent jurisdiction, the

202

one whose power is first invoked by the institution of proper proceedings and the service of process acquires the right to adjudicate the controversy to the exclusion of all other courts of concurrent jurisdiction." Beck v. Beck, 48 Ohio App. 105, 192 N.E. 791, 794.

It is not disputed that "the generally acknowledged rule hereinbefore recognized has for its basic reason the thought that two courts cannot be permitted at the same time to entertain jurisdiction of the same subject-matter between the same parties. If this were not true, hopeless confusion would result." Further, this court subscribes entirely to the principle that a litigant has no right to trifle with the orders of a court whose jurisdiction he has solicited and upon which he has conferred jurisdiction of his person by his voluntary act.

■ This Court is familiar with section 9 of the Divorce Law of the Virgin Islands (Act Leg. Assem. App. Dec. 29, 1944, Bill No. 14, § 9 [16 V.I.C. § 106]) which provides that the plaintiff in an action for the dissolution of marriage "must be an inhabitant of the district at the commencement of the action and for six weeks prior thereto, which residence shall be sufficient to give the Court jurisdiction", but this does not confer the power upon persons to come here and establish a six weeks residence and sue for divorce while the same proceedings are pending by him in another jurisdiction and which have not been terminated to his satisfaction. "Marriage is not a mere private contract but rather a status of such basic importance in the social structure that the state has a vital interest in its proper continuance and appropriate termination." Burch v. Burch, 3 Cir., 195 F.2d 799, 809 (2 V.I. 559; 596) ; Rinehart v. Rinehart, 1920, 91 N.J. Eq. 354, 110 Atl. 29, 30; Wright v. Beveridge, 1927, 120 Or. 244, 251 Pac. 895, 897; Winning v. Winning, 1937, 366 Ill. 57, 7 N.E.2d 750, 753; Michell v. Michell, 1939, 134 Pa. Super. 230, 3 A.2d 955,

956; McClellan v. McClellan, 1939, 290 Mich. 680, 288 N. W. 306, 291 N.W. 640, 127 A.L.R. 731, 732; State ex rel. Couplin v. Hostetter, 1939, 344 Mo. 770, 129 S.W.2d 1; Cahaley v. Cahaley, 1943, 216 Minn. 175, 12 N.W.2d 182, 184, 157 A.L.R. 1; Hopping v. Hopping, 1943, 233 Iowa 993, 10 N.W.2d 87, 89, 152 A.L.R. 436; Smith v. Smith, 1943, 69 R.I. 403, 34 A.2d 726, 728.

 While it is true that no testimony was adduced at the hearing on November 25, 1955, this Court cannot fail to take judicial notice of the pleadings in the Florida court and of the allegations that the petitioner herein "is possessed of an estate valued in excess of $750,000, consisting of real property, securities and cash, which estate produces substantial income, and is employed as chairman of the board of directors of the Chamberlain Company of America at a large salary and his total income is in excess of $60,-000.00 a year." Further, of the pleadings in this Court, that the petitioner owns a home and farm in fee simple outside the city of Detroit, Michigan, near the town of Oxford, Michigan; that the property includes a nine-room farmhouse and stables for approximately twelve horses, on which petitioner resided and raised horses and operated the farm; that he raced horses for profit, and that all of his holdings are situated in the continental United States. These are the undisputed facts in the record against which petitioner asserts with verity, and to impress the court, that this is the proper forum to relieve him of his social and moral obligations as heretofore decreed, that he is a bona fide resident of the Virgin Islands; that he has been and continues to be a resident member of various social clubs in these islands; a depositor at the Virgin Islands National Bank, and the owner of a licensed motor car.

As has been previously indicated, the Court is by-passing these allegations of good faith and has not inquired into the property thereof, but it cannot be contended that the

subject-matter of this lawsuit was not thoroughly aired in the courts of Florida to the point of final decree in which the plaintiff's bill of complaint for divorce was denied and the defendant's cross-bill entertained with the consequent award of separate maintenance as more particularly outlined in the Florida court's order of August 4, 1954.

This Court cannot allow any litigant to circumvent an order of the Court in which he originally instituted his action and sought relief; then, finding the result wholly incompatible with his state of mind, or even burdensome to him in degree, he proceeds to boycott the order of that court by abandoning the jurisdiction in which he placed himself and then coming to the Virgin Islands in an attempt to invoke the jurisdiction of another court far removed from the marital home and the other spouse who is unquestionably entitled to equal justice and protection when it comes to the severance of the marital ties. As has often been said, such action on the part of an individual is not only unconscionable, but indefensible, in a court of equity.

When another court has obtained both jurisdiction of the subject matter and the parties, the judgment awarded must be held conclusive and binding upon the parties and their privies as obtaining in the final decree of August 4, 1954, subject only to the final action of the Supreme Court of Florida.

This Court is also equally aware of the fact that the law is intended to prevent nonresidents from making use of our courts to perpetrate frauds upon their unsuspecting wives or husbands by coming here to petition for divorces.

The Court is not unmindful of the fact, as has been stated in 7 R.C.L. sec. 75, 1042, that "where judicial tribunals have no jurisdiction of the subject-matter on which they assume to act, their proceedings are absolutely void in the strictest sense of the term; and a court which is competent

to decide on its own jurisdiction in a given case may determine that question at any time in the proceedings of the cause, whenever that fact is made to appear to its satisfaction, either before or after judgment." Town of Wayne v. Caldwell, 1 S.D. 483, 47 N.W. 547, 36 Am. St. Rep. 750.

Article IV, Sec. 1, of the Constitution which not only directs that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State", but also provides that Congress may, by general laws, prescribe the manner in which such Acts, records and proceedings shall be proved, and the effect thereof. Congress has exercised that power. By the Act of May 26, 1790, c. 11, 28 U.S.C. § 687, Congress has provided that judgments "shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken." This provision has also been made applicable to the District Court of the Virgin Islands.

Chief Justice Marshall stated in Hampton v. McConnel, 3 Wheat. 234, 235, 4 L. Ed. 378, that "the judgment of a state court should have the same credit, validity, and effect, in every other court in the United States, which it had in the state where it was pronounced, and that whatever pleas would be good to a suit thereon in such state, and none others, could be pleaded in any other court in the United States."

██ In the light of the foregoing, this Court is of the opinion that the subject matter which is in litigation before the Florida court, and which matter is presently pending in the Supreme Court of Florida and is on the oral argument calendar for argument on the merits, must first be settled and disposed of. Therefore, this Court refuses to accept jurisdiction of the matter herein and, accord-

206

ingly, the plaintiff's complaint for divorce must be dismissed.

Order may be drawn in accordance with this opinion.