**LEROY CHARLES, Plaintiff**

v.

**THELMA CHARLES, Defendant**

Family No. D39/1983

Territorial Court of the Virgin Islands

Div. of St. Croix

March 6, 1985

ANTOINE L. JOSEPH, ESQ., Frederiksted, St. Croix, V.I., *for plaintiff*

MARK L. MILLIGAN, ESQ., Christiansted, St. Croix, V.I., *for defendant*

FINCH, *Judge*

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

A divorce decree was entered by this Court on July 25, 1984, awarding defendant a fifty percent (50%) interest in the marital homestead. Plaintiff has filed a motion for a new trial on the grounds that the decision was against the weight of the evidence and the findings unsupported by the evidence. Specifically, plaintiff argues that this court does not have jurisdiction to dispose of the marital homestead, unless the court also makes an award of ali-

mony. Plaintiff further argues that Todman v. Todman, 15 V.I. 518 (C.A. 3d 1978), gives the Family Court power to dispose of the homestead only where the property is held by the parties as tenants-by-the-entireties. Thus, since in the instant case title to the property is with plaintiff, the court does not have power to dispose of the property.

A hearing on plaintiff's motion was held on September 26, 1984, at which time the court gave the attorneys fifteen days to prepare briefs on the issues presented.

## II. DISCUSSION

■ A divorce court in the Virgin Islands clearly has jurisdiction to dispose of marital homesteads in divorce cases. Todman v. Todman, 15 V.I. 518 (C.A. 3d 1978); Knowles v. Knowles, 9 V.I. 360 (D.V.I. 1973); Ayer v. Ayer, 9 V.I. 371 (D.V.I. 1973). Whether maintenance must be awarded in order for the court to have the power to dispose of the homestead has not been directly addressed in this jurisdiction. However, a close scrutiny of the Todman and Knowles cases leads this court to conclude that an award of maintenance is not necessary or required in order to exercise the power to dispose of a marital homestead.

In Knowles, supra., the court construed 33 V.I.C. § 2305, the V.I. tax homestead exemption statute, to confer explicit authority to a court, in a divorce action, to dispose of the marital homesteads. As a result, the District Court awarded the wife a one-half undivided interest in the homestead. However, the court was not certain that an appellate court would agree with its interpretation of 33 V.I.C. § 2305. Therefore, the court *alternatively* made a lump sum money award for alimony to the wife in the event that the court's power to make a disposition of the homestead was successfully attacked on appeal. In rationalizing its decision the court stated:

> In view of the ambiguity of the homestead statute, however, I will permit the husband a second option. I realize that my decision to dispose of the homestead involves moving close to the rocks and shoals in the channel to the appellate court, and so it seems prudent to set an anchor to windward. Were this decision to be followed in subsequent cases here, but ultimately reversed on appeal, it might cloud a number of real estate titles. I will therefore make a practice of *also* permitting the transferor spouse to pay a lump sum equal to the value of the property which the transferee would receive. This would constitute an

alimony in gross, which is within the unquestioned power of the court to grant. See 16 V.I.C. § 109(3).

Id. at 369, 370. The court did not state that an alimony award was required in order for it to have power to dispose of the homestead property. Instead, the court clearly found the two to be distinct:

The method of property settlement is a remedy distinct from and supplemental to, the alimony powers conferred by 16 V.I.C. § 109(3). Unlike alimony, it proceeds on the basis of "the equities". . . . It is also unlike alimony in that it represents a limited and one time obligation. *It should, therefore, be seen as an additional procedure available in divorce actions.* (Emphasis added.)

Id. at 366.

The lower court in Todman v. Todman, 13 V.I. 599 (D.V.I. 1977) was also faced with the issue whether a court had power to dispose of marital homestead. The court, unlike the Knowles court, found that the Homestead Exemption Act did *not* give the court power to dispose of the marital property. The court held that it only had jurisdiction to hear the divorce action and to make a determination as to whether either party was in need of alimony. In addressing the specific issue of alimony, the court concluded that based on the evidence, neither party was entitled to alimony. The reluctance of the court to dispose of the homestead was not because it denied alimony to either party but because it believed it did not have the jurisdiction under Virgin Islands law to make such disposition.

On appeal, the 3rd Circuit disagreed with the district court's conclusion and found that the Homestead Exemption Act did empower a court to dispose of homestead property.

█ The authority of the court to award maintenance is granted in 16 V.I.C. § 109(3) and the award must be based on *need.* On the other hand, the authority to dispose of the marital homestead, granted in 33 V.I.C. § 2305(d), must be exercised "in accordance with the equity of the case." "Need" and "equity" are distinct, and one is not necessarily required in order to make a finding of the other. Thus, this Court concludes that it has authority to dispose of marital homesteads in addition to the authority to award maintenance. This conclusion is supported by the District Court's recent decision in Charles v. Charles, Civ. No. 84–64 (Div. of St. T. and St. J., 1985). The court stated that Section 2305(d) did not require the Family Court to make a disposition of the marital homestead in accordance with the parties' respective equitable interests in the

285

homestead, but "in accordance with the equity of the case." Id. at 3. This empowers a court to balance *all* the equities in a given case when disposing of the marital homestead.

■ Finally, the plaintiff argues that this court does not have the authority to dispose of homestead property where title is held in the name of only one of the parties. In Knowles, supra, the title to the property was with the husband. The court, in balancing the equities, found that each party was entitled to an undivided one-half interest in the marital home, regardless of who had legal title to the property. The court was cognizant of the fact that the property was in the husband's name only. This is evidenced by the court's statement of the issue presented: ". . . this case presents the question whether the court can order the husband to transfer to his ex-wife all or part of the real property which he currently possesses in his own name." In addressing this issue, the court stated:

> The property should have been acquired by them as tenants by the entirety. . . . By this Supplemental Decree, I may accomplish what I think should in justice be done when two people dissolve their marriage after having lived and worked together and sharing the responsibilities of a family, i.e. either that each has an undivided one-half interest in the marital home or failing that, that the equities be apportioned equally by the payment of a lump sum from the title owner spouse to the other in lieu of any transfer of an interest in the homestead.

In Todman the court held that the Virgin Islands courts are empowered to dispose of homestead properties held by the entireties simply because that was the narrow issue presented before the court. However, the court recognized situations where title to property, for some reason, may be held solely in one spouse, and the equity granted to a divorce court can prevent injustice to the other spouse who may have contributed to the purchase and repair of the homestead. Id. at 526.

For the foregoing reasons, the findings entered by this court on July 25, 1984 will stand and plaintiff's motion for a new trial is hereby denied.

## ORDER

For the reasons stated in the accompanying memorandum opinion, it is hereby

ORDERED that plaintiff's motion for a new trial shall be and the same is hereby denied.