**LECIA L.L. BRYAN FELIX, Plaintiff**

**v.**

**MARC KEVIN FELIX, Defendant**

Fam. No. 265/1995

Territorial Court of the Virgin Islands

Div. of St. Croix

July 21, 1998

Lecia L. L. Bryan Felix, Frederiksted, U.S.V.I., *pro se plaintiff*

Marc Kevin Felix, St. Croix, U.S.V.I., *pro se defendant*

STEELE, *Judge*

### MEMORANDUM OPINION

THIS MATTER is before the Court on the plaintiff's motion for the Court to dispose of the marital homestead.

The issues presented before the court are as follows:

A. Whether lottery winnings acquired during the marriage are marital property.

B. If the lottery winnings are marital property, are winnings invested in the homestead subject to equitable distribution.

## FACTS

Lecia Bryan and Marc Felix were married on December 28, 1991. Two children were born of this union. Afiya Nailah Felix was born on June 15, 1991 and Carina L'vi Felix was born on August 6, 1993. In 1992, Marc Felix won $116,000 from the Virgin Islands lottery. With the lottery winnings, the parties bought a parcel of land located at 116 St. Georges for $30,000. In addition to the land, the parties paid twenty percent down on a $152,000 home mortgage loan from Banco Popular. The balance of the lottery winnings were used to secure cars for each party.

In November, 1993, the parties moved into their new home. The mortgage payment was shared by the couple. The remaining household expenses were shared by the parties accordingly. However in 1995, their relationship deteriorated after the defendant's admission of an extramarital affair. Eventually, in November of 1995, the plaintiff moved out of the home with the children and at that time discontinued her contribution to the mortgage payments. The defendant continued his residency in the homestead, however he also discontinued mortgage payments. Currently, the mortgage is in arrears in the amount $19,468.64 and foreclosure proceedings have been initiated against the property. Additionally, another $13,256.80 is owed on the marital property in taxes and insurance.

The complaint for divorce in this action was filed on November 28, 1995. On January 11, 1996, this Court granted the plaintiff's summary judgment motion for divorce reserving issues relating to the marital homestead for later adjudication. A hearing was held on May 20, 1998 with both parties acting pro se. Hence, this Court is now called upon to decide several issues:

1. Whether lottery winnings acquired during marriage are marital property.
2. If lottery winnings are marital property, are lottery winnings invested in the homestead subject to the principles of equitable distribution.

## DISCUSSION

### I. Lottery winnings are marital property

The issue at hand is one of first impression for this Court. Quintessential in addressing the issue of whether lottery winnings

acquired during the marriage is marital property is the definition of marital property. The Virgin Islands Code is devoid of an expressed definition of marital property. However, our case law and various provisions of the Code has molded a definition of martial property that has become embedded in the walls of justice in the Territory. Specifically delineated in the Virgin Islands Code is the definition of separate property. Within this definition, the Court is capable of extracting a definition of marital property. Title 16 V.I.C. § 68 of the Virgin Island Code defines separate property as:

> The property and pecuniary rights of a spouse at the time of marriage or afterwards acquired by gift, devise, or inheritance. . .[1]

The statutory language is clear in designating property acquired prior to marriage in addition to all assets derived through intestate, gift or devise as separate property. Consequently, in adherence to Title 16 § 68, it was not surprising in *Ayer v. Ayer*, 9. V.I. 371, that the Court differentiated between the husband's investment acquisitions, stemming from inheritance and family gifts, and assets attributable to his work in determining the issues of alimony and property settlement.

The Court in *Morris v. Morris*, 20 V.I. 249, further defines separate property while most importantly allocates property acquired jointly during the marriage as marital property. *Morris* presents the provable theory method to aid Courts in differentiating separate from marital property. The Court held that, ". . . in determining which personal property belonged to the wife and which belonged to the husband following the parties' divorce, the court based its decision on provable ownership, and in the absence of provable ownership, considered the personal property to be jointly owned in equal shares." Id at 254. In essence, there is a presumption that

---

[1] 16 V.I.C. § 68in its entirety reads:

The property and pecuniary rights of every married woman at the time of her marriage or afterwards acquired by gift, devise, or inheritance shall not be subject to the debts or contracts of her husband, and she may manage, sell, convey or devise the same by will to the same extent and in the same manner that her husband can property belonging to him.

property acquired during the marriage is marital property. However, the presumption can be rebutted with evidence that would prove that ownership lies solely with one party. *Gimenez v. Curran*, 1 VI. 386.

■ Hence, marital property is property acquired during the marriage that is subject to division and equitable distribution in a divorce or dissolution proceeding. Our definition of marital property is in alignment with the basic concept of marriage as a union between two individuals creating a new single entity or partnership.

> Property acquired during the marriage is marital property on the general theory that regardless of which spouse has earned the money with which such assets are acquired, both spouses have made contributions to the marriage which is basically a shared enterprise or partnership. There is a presumption that property acquired by either spouse subsequent to the marriage is marital property and the burden of overcoming this presumption is upon the party seeking to exclude property from division between the parties.

24 Am. Jur. Ed. Divorce and Separation § 880 ( 1983)

It is the public policy of our Territory to promote the vision of marriage as a partnership by designating the products born of the marital union as marital property. The Territory's advocacy of the marital partnership is not only evident during the union, but it is especially important at the marital dissolution.[2] At dissolution proceedings, the designation of assets as marital property or separate property is crucial in determining the apportionment of the marital possessions. Specifically, Title 16 V.I.C. § 68 is clear in safeguarding separate property from the spousal claims. However, martial property on the other hand is susceptible to the principles of equitable distribution.

---

[2] The Court in Bredin v. Bredin, 3 V.I. 198, points out that, "Marriage is not a mere private contract but rather a status of such basic importance in the proper continuance and appropriate termination." *Burch v. Burch*, 195 F.2d 799, 2 V.I. 559.

33 V.I.C. § 2503(d); *Charles v. Charles*, 21 V.I. 283; *Morris v. Morris*, 20 V.I. 249; *Knowles v. Knowles*, 9 V.I. 360.

As previously noted our halls of justice is silent on the issue of whether lottery winnings are marital property. Therefore, deference will be extended to the other jurisdictions that have grappled with the classification of lottery winnings. Our esteemed brethren within the Third Circuit has provided persuasive precedent to help guide us in resolving this issue of such novel impression. The overwhelming trend within the states of the Third Circuit mandates that lottery winnings are marital property. In *Devane v. Devane*, 280 N.J Super. 488, 655 A.2d 970 (1995), the Appellate Court affirmed the Trial Court's ruling that a lottery ticket purchased during the marriage and prior to the filing of the divorce complaint is a marital asset subject to equitable distribution under *N.J.S.A.* 2A:34-23.1.[3] The Court theorized that the purchase was a mere fortuitous event that has not been exceptionalized by the New Jersey Legislature. Therefore, the court ordered the distribution of the lottery winnings in accordance with the equitable distribution principle with particular sensitivity to the unique needs of the parties. Id at 972.

Likewise in *Nuhfer v. Nuhfer*, 410 Pa. Super. 380, 599 A.2d 1348 (1991), the Superior Court upheld the Trial Court's ruling that the proceeds from a lottery ticket purchased before divorce, but were awarded after divorce in settlement with other members of office lottery pool, were "marital property." An important motivating factor for the Court's classification of the lottery winning as marital property is identification of the point at which the action accrued. If the right to receive such property accrues during the marriage, then there is an expectancy of both spouses to share in the profits and the lottery winnings are marital property. Accordingly, the Court concluded that the cause of action to receive proceeds occurred during marriage, at the time of purchase. Id at 1350.

---

[3] N.J.S.A. 2A: 34-23 defines marital property for the purposes of equitable distribution as: property, both real and personal, which was legally and beneficially acquired by them or either of them during the marriage. However, all such property, real personal or otherwise, legally or beneficially acquired during the marriage by either party by way of gift, devise or intestate succession, shall not be subject to equitable distribution except that inter spousal gifts shall be subject to equitable distribution.

Several other jurisdictions share the same view with the Third Circuit. See, e.g., *In re Marriage of Mahaffey*, 564 N. E. 2d 1300, 1305 (Ill. App. Ct. 1990), ( holding that lottery winnings were presumptively marital property where it was undisputed that money used to purchase the winning lottery ticket came from earnings of either husband or wife, purchase of ticket occurred during their marriage, and the irrevocable right to receive lottery payments was established during marriage); *Alston v. Alston*, 85 Md. App. 176, 582 A.2d 574 (1990), (held that the husband lottery winnings, occurring prior to termination of marriage were marital property); *Smith v. Smith*, 557 N.Y.S. 2d 22 (N.Y. App. Div. 1990), (held that lottery winnings are marital property and should be divided equally in a divorce action when both spouses made equal contributions to the marriage even though the winning ticket was acquired solely by husbands' effort); *Ullah v. Ullah*, 55 N.Y.S. 2d 834, 835 (N.Y. App. Div. 1990), (held that a lottery jackpot won during marriage is marital property and that equal division is appropriate since the jackpot was won as a result of fortuitous circumstances and not the result of either spouse's toil or labor); *Giedinghagen v. Giedinghagen*, 712 S. W. 2d 711 (Mo. Ct. App. 1986) (held that marital property encompasses any property including lottery winnings, acquired up to the date of a decree of legal separation or dissolution); See also *Dyer v. Dyer*, 536 A.2d 453 (Pa. Super. Ct. 1988) (holding that the trial court had not abused its discretion in determining that a husband's lottery winnings obtained after a fourteen year separation but before divorce were his sole property because the winnings were not acquired during marriage and had no impact on the standard of living of the marital union.)

■ In the case at bar, the defendant bought the lottery ticket during the marriage. The defendant never testified that he bought the ticket from separate funds, or that the lottery winnings were separate property. It is a correct conclusion that the marriage in question was an equal partnership with both parties sharing the expenses thereto. It is clear that it was the intention of the defendant to utilize the winnings for the mutual benefit of the marital entity. The lottery winnings were invested in its entirety into the marital homestead and vehicles for both parties. Consequently, in light of the facts presented, combined with the court's

definition of marital property and the overwhelming trend to classify lottery winnings as marital property, it is our conclusion that the lottery winnings are marital property subject to equitable distribution.

## II. The lottery winnings invested in the homestead are marital property subject to equitable distribution.

█ The case at bar specifically lends itself to the application of the equitable distribution principles. As previously noted, the lottery winnings invested into the homestead are subject to equitable distribution. 33 V.I.C. § 2305(d) grants the Court the authority to dispose of the homestead in accordance with the equities of the case. However, the divorce court has a broad discretion in considering marital fault in disposition of the homestead according to our statutory interpretation of equitable principles. The *Charles* court specifically points out, "the rationale for allowing marital misconduct to be utilized as a factor in the property disposition calculus is that a spouse whose conduct has contributed substantially to the breakdown of the marriage should not expect to receive a financial kudo for his or her misconduct." *Charles v. Charles*, 21. V.I. 283. In the situation at bar, the defendant conceded to his participation in an extramarital affair during the marriage. Additionally, the plaintiff testified that the basis for the breakdown of the marriage was the defendant's affair. Therefore, the Court mindful of the factual particulars of the case, finds that the equities in this case necessitates a 70% share of the marital home be allotted to plaintiff and a 30% share of the marital home to be alloted to the defendant.

## CONCLUSION

This court defines marital property as the property and pecuniary rights of a spouse acquired during the marriage. However, Title 16 V. I. C. § 68 is a supplementary authority that differentiates property derived through intestate, gift or devise as separate property distinguishable from marital property. Lottery winnings acquired during the marriage are marital property subject to the principles of equitable distribution. Therefore, the Court concludes

that the equities require a 70/30% apportionment of the interest in the marital homestead.